869 So.2d 1239 (2004)
Armando ZUNIGA, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-1385.
District Court of Appeal of Florida, Second District.
March 31, 2004.
James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
Armando Zuniga appeals his conviction for aggravated battery with a deadly weapon. We reverse and remand for a new trial because the trial court committed fundamental error in instructing the jury on Zuniga's self-defense claim.
Zuniga argues that the trial court erred in giving the following instruction:
An issue in this case is whether the defendant acted in self-defense. It is a defense to the offense with which Armando Zuniga is charged if the injury to Jose Carmona resulted in the justifiable use of force likely to cause death or great bodily harm.
The use of force likely to cause death or great bodily harm is justifiable only if the defendant reasonably believes that the force is necessary to prevent imminent death or great bodily harm to the defendant while resisting:
1. Any attempt to commit aggravated battery upon the defendant, or persons are [sic] justified in using force likely to cause death or great bodily harm if they reasonably believe such force is necessary to prevent:
1. Imminent death or great bodily harm to themselves or another, or
2. The imminent commission of aggravated battery against themselves or another.
However, the use of force likely to cause death or great bodily harm is not justifiable if you find:

1. The defendant was attempting to commit, or committing or escaping after the commission of an aggravated battery. ...
Zuniga's argument is supported by the Fourth District's opinions in Giles v. State, *1240 831 So.2d 1263 (Fla. 4th DCA 2002), and Rich v. State, 858 So.2d 1210 (Fla. 4th DCA 2003). In Giles, the court reversed an aggravated battery conviction for a new trial where the jury was instructed: "The use of force not likely to cause death or great bodily harm is not justifiable if you find that the defendant was attempting to commit, committing or escaping after the commission of an aggravated battery." 831 So.2d at 1265. The court explained that the instruction "is normally given in situations where the accused is charged with at least two criminal acts, the act for which the accused is claiming self-defense and a separate forcible felony." Id. Because Giles committed only one act, the alleged aggravated battery, the instruction was "circular and confusing to the jury such that it basically negated Giles' defense." Id. at 1265-66. In Giles, the erroneous instruction was objected to by the defense at trial. However, in Rich, where the same issue was not raised at trial, the Fourth District held that the erroneous instruction was fundamental error and reversed an aggravated battery conviction based on Giles.
We agree with the Fourth District's analysis in Giles. Although Zuniga did not raise this issue at trial, we conclude that the erroneous instruction was fundamental error in this case. The only disputed issue at trial was whether Zuniga acted in self-defense. In Reed v. State, 837 So.2d 366 (Fla.2002), the court addressed whether an erroneous instruction defining an element of an offense was fundamental error and held that the issue turned on whether the element was disputed at trial. The self-defense instruction can be likened to an element of the offense for its importance to the defendant. See Motley v. State, 155 Fla. 545, 20 So.2d 798 (1945) (reversing for a new trial based on an erroneous self-defense instruction). Therefore, applying Reed, because the erroneous instruction was relevant to the disputed issue at trial, we conclude that the error was fundamental.
Due to our reversal, we need not reach Zuniga's other issue alleging error in the instruction given on a defendant's duty to retreat when attacked in his own home.
Reversed and remanded for a new trial.
ALTENBERND, C.J., and CASANUEVA, J., concur.