871 So.2d 1015 (2004)
Herschel UPSHAW, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-2211.
District Court of Appeal of Florida, Second District.
April 28, 2004.
*1016 James Marion Moorman, Public Defender, and David H. Foxman, Special Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Marilyn Muir Beccue, Assistant Attorney General, Tampa, for Appellee.
WHATLEY, Judge.
Herschel Upshaw appeals his conviction of first-degree murder. We reverse because the trial court abused its discretion in denying Upshaw's request for an independent act jury instruction.
Upshaw was indicted along with two codefendants, Tessa Robinson and Jessica Hill, for first-degree murder and robbery with a firearm. Upshaw was the only one of the defendants to testify at his trial, and he testified to the following. He was approached by his codefendants about robbing *1017 a man whom Hill's mother had dated and who Hill said had a lot of money. Upshaw's role was to provide the guns, which were for their protection, and to keep the victim under control. Prior to executing the robbery, Hill said she was going to kill the victim, but neither Upshaw nor Robinson took her seriously. During the robbery, Upshaw grabbed the victim and put him on the floor. He assured the victim that they just wanted his money, and they were not going to hurt him. At one point, Hill suggested they take the victim with them to the ATM to obtain money from his account, but Upshaw protested and said that it was too risky to ride around with the victim and that he came along only to rob him. When the women finished going through the house and taking items, Robinson walked outside to the car. As Upshaw walked out the door, he heard gunshots and turned to see Hill standing over the victim and pointing a gun at him. As the three fled, Upshaw asked Hill why she had killed the victim and told her that the killing was stupid. Hill responded that Upshaw did not know how long she had waited to kill the victim. Upshaw learned a couple of days later that Hill was motivated to kill the victim because he had allegedly raped her when she was younger.
We agree with Upshaw that the trial court abused its discretion in denying his request for the independent act jury instruction. "The `independent act' doctrine arises when one cofelon, who previously participated in a common plan, does not participate in acts committed by his cofelon, `which fall outside of, and are foreign to, the common design of the original collaboration.'" Pittman v. State, 841 So.2d 690, 692 (Fla. 2d DCA 2003) (quoting Ray v. State, 755 So.2d 604, 609 (Fla. 2000)). A defendant who does not participate in the independent act of his cofelon is exonerated from any punishment imposed for the independent act. Id.
Whether the independent act instruction should be given depends on the evidence.
"Where there is any evidence introduced at trial which supports the theory of the defense, a defendant is entitled to have the jury instructed on the law applicable to his theory of defense when he so requests." Bryant v. State, 412 So.2d 347, 350 (Fla.1982) (citing Motley v. State, 155 Fla. 545, 20 So.2d 798 (1945)). A defendant is entitled to an instruction on his theory of defense "however flimsy" the evidence is which supports that theory, Vazquez v. State, 518 So.2d 1348, 1350 (Fla. 4th DCA 1987), or however "weak or improbable his testimony may have been" [sic] Holley v. State, 423 So.2d 562, 564 (Fla. 1st DCA 1982). It is for the jury, not the court, to determine what weight to give the defendant's evidence.
Arthur v. State, 717 So.2d 193, 194 (Fla. 5th DCA 1998).
Here, Upshaw's testimony that he heard the gunshots that killed the victim as he was leaving the victim's house and that he did not learn of Hill's motivation to kill the victim until after the robbery supported his theory that he thought Hill was kidding when she mentioned killing the victim.
Accordingly, we affirm Upshaw's conviction of robbery with a firearm but reverse his conviction of first-degree murder and remand for a new trial. Our reversal of Upshaw's murder conviction will necessitate his resentencing for the robbery.
Reversed and remanded with instructions.
CASANUEVA and NORTHCUTT, JJ., Concur.