884 So.2d 281 (2004)
Frederico HERNANDEZ, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D04-1169.
District Court of Appeal of Florida, Second District.
August 13, 2004.
Frederico Hernandez, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Respondent.
NORTHCUTT, Judge.
Frederico Hernandez, in his petition filed pursuant to Florida Rule of Appellate Procedure 9.141(c), raises two grounds alleging ineffective assistance of appellate counsel. We grant the petition as it relates to one of the grounds raised therein, and we deny, without comment, the remaining ground.
Hernandez was charged by information with four counts of aggravated battery with a deadly weapon, a firearm. The State nolle prossed one of the counts, and Hernandez was tried by jury and convicted, as charged, on the three remaining counts. Hernandez's defense at trial was that he was justified in using deadly force to defend himself and his brother Cruz Hernandez, and he presented evidence to support this theory of defense. He alleges in his petition that appellate counsel rendered ineffective assistance of counsel when he failed to argue that the trial court's instruction on the justifiable use of force constituted reversible error. The trial court instructed the jury as follows:
However, the use of force likely to cause death or great bodily harm is not justifiable if you find:
1. Frederico or Cruz Hernandez were attempting to commit, committing, or escaping after the commission of aggravated battery with a deadly weapon.

(Emphasis added.) Thus, the jury was instructed that the justifiable use of deadly force would not apply if Hernandez was committing the offense for which he was charged. Trial counsel strenuously objected to this instruction, arguing that the instruction was confusing and illogical and advised the jury that the very actions Hernandez was attempting to justify could not be considered self-defense.
In Baker v. State, 877 So.2d 856 (Fla. 2d DCA 2004), this court held that appellate counsel was ineffective in failing to argue *282 that such an instruction, as given to the jury in the present case, constituted fundamental error. In Baker, we cited to Giles v. State, 831 So.2d 1263 (Fla. 4th DCA 2002). The court in Giles held that the giving of a similar instruction was reversible error where the defendant was claiming self-defense. The court stated:
The instruction improperly told the jury that the very act Giles sought to justify itself precluded a finding of justification. Essentially, the jury was instructed that [section] 776.041(1) would apply to preclude a self-defense claim, when it is claimed that the acts with which the defendant is charged are themselves committed in appropriate self-defense.
Id. at 1266. The opinion in Giles was issued prior to the filing of the initial brief in the present case[1] and was available to appellate counsel. We conclude that appellate counsel's failure to argue that the justifiable use of deadly force instruction was reversible error constituted ineffective assistance of appellate counsel.
Accordingly, we grant the petition alleging ineffective assistance of appellate counsel as to this ground only. In the present case, the State attached the entire trial record to its response to the petition. Our review of the record leads us to conclude that the error was not harmless and, had appellate counsel raised this issue on direct appeal, we would have been compelled to reverse Hernandez's convictions. Because a new appeal would be redundant in this instance, we reverse Hernandez's convictions, vacate his sentences, and direct that he be retried. See Johnson v. State, 498 So.2d 938, 939 (Fla.1986).
Petition denied in part, and granted in part.
ALTENBERND, C.J., and CASANUEVA, JJ., Concur.
NOTES
[1] This court in Zuniga v. State, 869 So.2d 1239 (Fla. 2d DCA 2004), and the Fourth District in Rich v. State, 858 So.2d 1210 (Fla. 4th DCA 2003), have since held that the giving of a jury instruction, such as the one given in the present case, could constitute fundamental error.