883 So.2d 907 (2004)
Harry BATES, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-3578.
District Court of Appeal of Florida, Second District.
October 6, 2004.
James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Chandra Waite Dasrat, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Harry Bates, Jr., challenges his conviction for improper exhibition of a firearm, arguing that he only displayed the barrel of a shotgun, not the entire shotgun, and that the trial court gave improper jury instructions regarding self-defense. While we find no merit in Bates' argument that he did not improperly display a firearm,[1] we reverse and remand for a new trial because we conclude that the self-defense jury instruction that the trial court gave amounted to fundamental, reversible error.
Bates was initially charged with three counts of aggravated assault, and the jury found him guilty of three counts of the lesser included charge of improper exhibition of a firearm. Two of the three counts were later vacated for reasons not relevant to this appeal.
These proceedings arose out of events that occurred in a Wal-Mart parking lot on the day after Thanksgiving. After shopping, Aretha Welsh, her son, and her nephew had gotten into her car in the parking lot when they discovered that Bates' truck was blocking their egress from the parking spot. Welsh honked her horn, and Bates came up to her car window. When Welsh asked Bates to move his truck, Bates called Welsh a name; Welsh and the two boys then exited the vehicle. A dispute ensued that included a great deal of yelling and name-calling. Although Bates subsequently got into his truck and moved it forward slightly, he then put it into reverse and began pointing what appeared to be a shotgun covered with a white towel at Welsh and the two *908 boys through the truck's window while he threatened them verbally. They could see the two holes of the barrel of a double-barreled shotgun beneath the white towel. Bates then drove away but returned soon afterwards, at which point the police officers who had responded to the scene arrested him. Bates was charged with three counts of aggravated assault.
It was determined at trial that what Bates had pointed at Welsh and the two boys was not a complete shotgun; it was only the barrel of a shotgun covered with a white towel. Bates claimed at trial that he was acting in self-defense when he pointed the barrel of the shotgun at them because he became afraid when the teenage boys exited the car and approached him.
The offending jury instruction read as follows: "The use of nondeadly force is not justifiable if you find the following: One, the defendant was attempting to commit, committing or escaping after the commission of Aggravated Assault."
Although Bates' trial counsel did not object to the trial court giving this instruction, it has been held that this instruction should be given only when the person claiming self-defense was engaged in another independent forcible felony at the time, not the forcible felony as to which the defendant claims self-defense.[2] "Giving this instruction where the only charge against the defendant is the aggravated battery, which also was the act that the defendant claimed was self-defense, would improperly negate the self-defense claim." Rich v. State, 858 So.2d 1210, 1210 (Fla. 4th DCA 2003); Giles v. State, 831 So.2d 1263, 1265 (Fla. 4th DCA 2002); see also Baker v. State, 877 So.2d 856, 29 Fla. L. Weekly D1617 (Fla. 2d DCA July 9, 2004).
Although Bates was initially charged with three counts of aggravated assault, all three counts stemmed from the same act occurring at the same time. Therefore, the act that formed the basis for Bates' offense, aggravated assault, was the same act that Bates claimed demonstrated that he was acting in self-defense. As such, giving the jury instruction here had the effect of improperly negating Bates' self-defense claim. Because giving this instruction under such circumstances has been held to be fundamental error, Rich, 858 So.2d 1210; Giles, 831 So.2d 1263, we must reverse and remand for a new trial.
Reversed and remanded.
SILBERMAN and CANADY, JJ., Concur.
NOTES
[1] See State v. Ware, 253 So.2d 145 (Fla. 2d DCA 1971); State v. Altman, 432 So.2d 159 (Fla. 3d DCA 1983).
[2] Aggravated assault is a forcible felony. § 776.08, Fla. Stat. (2003).