919 So.2d 489 (2005)
Cedric Lamar HOUSTON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-1194.
District Court of Appeal of Florida, Second District.
November 23, 2005.
Rehearing Denied February 3, 2006.
James Marion Moorman, Public Defender, and James Dickson Crock, Special Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Tonja Rene Vickers, Assistant Attorney General, Tampa, for Appellee.
SALCINES, Judge.
Cedric Lamar Houston appeals his convictions and sentences for aggravated battery with a deadly weapon and two counts of criminal mischief. We reverse the aggravated battery conviction because we agree with Houston's argument that the jury was improperly instructed on justifiable use of deadly force. Our reversal renders moot Houston's challenge to the prison releasee reoffender sentence imposed for the aggravated battery conviction. We affirm the convictions and sentences imposed for the two counts of criminal mischief.
There was conflicting testimony at trial about the events that occurred in the parking lot of an apartment complex on August 1, 2003. According to Mr. Houston, after *490 words were exchanged, Leguanna Crumedy and Jerry Mack attacked him while he was sitting in his vehicle. He attempted to drive away from the scene, but when he put his car in reverse, he hit Mr. Mack. He then drove forward and came close to hitting Ms. Crumedy.
The incident resulted in Mr. Houston being charged with aggravated battery with a deadly weapon (an automobile) on Jerry Mack, aggravated assault with a deadly weapon (an automobile) on Leguanna Crumedy, and the two counts of criminal mischief. The jury acquitted Mr. Houston of the aggravated assault charge.
In response to defense counsel's request for a self-defense instruction for the offense of aggravated battery, the following was given:
An issue in this case is whether the defendant acted in self-defense. It is a defense to the offense with which Cedric Houston is charged if the injury to Jerry Mack resulted from the justifiable use of force likely to cause death or great bodily harm. The use of force likely to cause death or great bodily harm is justified only if the defendant reasonably believes that the force is necessary to prevent imminent death or great bodily harm to himself while resisting (1) another's attempt to murder him, or (2) any attempt to commit an aggravated battery upon him.
....

However, the use of force likely to cause death or great bodily harm is not justifiable if you find (1) Cedric Houston was attempting to commit, committing, or escaping after the commission of aggravated battery....
(Emphasis added.)
Houston did not object to the instruction in the trial court, but he argues on appeal that fundamental error occurred because the instruction negated Houston's only defense. The State contends that the instruction was properly given because Houston was charged with more than one forcible felony. It argues further that no fundamental error occurred because the facts do not support Houston's claim of self-defense.
We agree with Houston's assertion that the trial court erred in instructing the jury that "the use of force likely to cause death or great bodily harm is not justifiable if you find (1) Cedric Houston was attempting to commit, committing, or escaping after the commission of aggravated battery." This instruction, which is based on section 776.041(1), Florida Statutes (2003), is applicable only under circumstances where a defendant claiming self-defense is engaged in another independent forcible felony at the time. See Giles v. State, 831 So.2d 1263, 1265 (Fla. 4th DCA 2002). Here, Houston was claiming self-defense only as to the aggravated battery with a deadly weapon. If, however, the instruction had provided that the use of force was not justifiable if Houston was attempting to commit, committing, or escaping after the commission of aggravated assault, the other forcible felony with which Houston had been charged, then arguably our result would be different.[1] But, because Houston was claiming self-defense as to the aggravated battery charge, the giving of the instruction was fundamental error that improperly negated the self-defense claim. See York v. State, 891 So.2d 569 (Fla. 2d DCA 2004); Velazquez v. State, 884 So.2d 377 (Fla. 2d DCA), review denied, 890 So.2d 1115 (Fla.2004); Hernandez v. State, 884 So.2d 281 (Fla. 2d DCA 2004); Bates v. State, 883 So.2d 907 (Fla. *491 2d DCA 2004); Baker v. State, 877 So.2d 856 (Fla. 2d DCA 2004); Zuniga v. State, 869 So.2d 1239 (Fla. 2d DCA 2004).
Affirmed in part, reversed in part, and remanded.
FULMER, C.J., and CASANUEVA, J., Concur.
NOTES
[1] All witnesses agreed that the alleged battery occurred before the alleged assault. Therefore, the facts in this case do not support giving a forcible felony jury instruction.