932 So.2d 413 (2006)
James Edward YORK, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-2069.
District Court of Appeal of Florida, Second District.
April 21, 2006.
*414 Joseph Gardner Dato of Terry & Dato, Tampa, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Chandra Waite Dasrat, Assistant Attorney General, Tampa, for Appellee.
CANADY, Judge.
James Edward York, Jr., who was convicted of aggravated battery and shooting into a vehicle, argues that a jury instruction regarding justifiable use of force resulted in fundamental error. Because the jury instruction improperly suggested that the jury was required to reject the theory of self-defense on which York relied at trial, we conclude that giving the instruction was fundamental error.

Background
This appeal proceeds pursuant to our decision in York v. State, 891 So.2d 569 (Fla. 2d DCA 2005), in which we granted York a new appeal due to ineffective assistance of appellate counsel in his initial appeal. To place the issue before us in context, we summarize the testimony at York's trial, as well as the course of the trial proceedings and the prior proceedings in this court.
According to the trial testimony, York and Joseph Yurek went out drinking one evening and then returned to York's residence. Yurek became upset because York had obtained a phone number from a woman earlier at a bar but York refused to give the number to Yurek. At some point in the early morning, York went into the bathroom of York's residence. At this point, York's testimony and Yurek's testimony diverge widely.
Yurek testified that when York went into the bathroom, Yurek saw the piece of paper containing the disputed phone number and was writing it down when York came out of the bathroom. York became angry and threatened to shoot Yurek, who ran to his vehicle. According to Yurek, he was about to start the vehicle when he was shot by York, once in the right hand and once in the side or back. Yurek testified that he did not have his rifle or any other firearm in the vehicle.
According to York's testimony, it was Yurek who attacked York when York came out of the bathroom, because Yurek was angry that York would not give him the phone number. York stated that Yurek beat him and then grabbed York's .22 rifle. A struggle commenced, during which the rifle went off and Yurek was shot in the hand. Yurek then pushed York, and York fell to the ground. Yurek then went to his vehicle, saying he was going to get his own gun. York insisted Yurek had two rifles in the vehicle at the time. York claimed that Yurek fired a shot at him first, after which York returned fire, striking one of the vehicle's windows. York thus sought to establish that his conduct constituted self-defense.
Following closing arguments, the trial court issued jury instructions on aggravated battery and shooting into a vehicle. The trial court then gave instructions on the justifiable use of deadly force which *415 included the following statement: "However, the use of force likely to cause death or great bodily harm is not justifiable if you find ... [York] was attempting to commit, or committing, or escaping after the commission of aggravated battery." The record shows that York's counsel did not object to the instruction but does not show that defense counsel either specifically agreed to or requested the instruction. The jury returned a verdict of guilty of aggravated battery and shooting into a vehicle.
On direct appeal, the judgments and sentences were affirmed without a written opinion. York v. State, 872 So.2d 910 (Fla. 2d DCA 2004) (table decision). York subsequently filed a petition for ineffective assistance of appellate counsel, claiming that counsel was ineffective in failing to argue on direct appeal that the jury instruction on the justifiable use of force constituted fundamental error. In York, 891 So.2d at 571 (footnote omitted), we held that the trial court erred because the jury instruction advised the jury "that the very action that York was attempting to justify as self-defense, shooting the victim, could not be considered self-defense."[1] We also held "that the failure of appellate counsel to argue that the jury instruction on justifiable use of force constituted fundamental error was ineffective assistance of appellate counsel," and we accordingly granted York's petition. Id. We directed that in the new appeal granted to York, counsel file a brief limited to the issue of "whether the justifiable use of force instruction was fundamental error." Id. We directed a new appeal rather than requiring a new trial because we recognized that determining the fundamental error issue "requires a full review of the record on appeal." Id.
Accordingly, the issue presented for decision now is whether giving the justifiable use of force instruction constituted fundamental error.

Analysis
In Zuniga v. State, 869 So.2d 1239 (Fla. 2d DCA 2004), a case in which the defendant's claim of self-defense was a disputed issue, we held that the giving of an instruction similar to the instruction at issue here was fundamental error. Citing the rule stated in Reed v. State, 837 So.2d 366 (Fla.2002), that an erroneous instruction defining an element of a crime is fundamental error if the element was disputed at trial, we concluded in Zuniga that "[t]he self-defense instruction can be likened to an element of the offense for its importance to the defendant," and we therefore held that the error was fundamental "because the erroneous instruction was relevant to the disputed issue at trial." Id. at 1240. Prior to our decision in Zuniga, the Fourth District held in Rich v. State, 858 *416 So.2d 1210 (Fla. 4th DCA 2003), that the giving of a similar erroneous instruction constituted fundamental error.
In subsequent cases, we have followed Zuniga in holding that where self-defense was at issue, the giving of a similar erroneous instruction was fundamental error. See Houston v. State, 919 So.2d 489 (Fla. 2d DCA 2005); Brown v. State, 909 So.2d 975 (Fla. 2d DCA 2005); Bevan v. State, 908 So.2d 524 (Fla. 2d DCA 2005); Velazquez v. State, 884 So.2d 377 (Fla. 2d DCA 2004); Hernandez v. State, 884 So.2d 281 (Fla. 2d DCA 2004); Bates v. State, 883 So.2d 907 (Fla. 2d DCA 2004). Other courts have done likewise. See Grier v. State, 928 So.2d 368 (Fla. 3d DCA 2006); Estevez v. State, 901 So.2d 989 (Fla. 4th DCA 2005); Cleveland v. State, 887 So.2d 362 (Fla. 5th DCA 2004).
Here, as in Zuniga, the erroneous instruction was relevant to the disputed issue of self-defense at trial. The self-defense claimwhich was supported by York's testimonywas the crux of the case. The central disputed issue in the case was who fired first, York or Yurek. Giving the jury a misleading instruction on such an issue clearly is an error which reaches "`down into the validity of the trial itself.'" State v. Delva, 575 So.2d 643, 644 (Fla.1991) (quoting Brown v. State, 124 So.2d 481, 484 (Fla.1960)). It is also an error squarely within the scope of the principle we stated in Carter v. State, 469 So.2d 194, 196 (Fla. 2d DCA 1985), that fundamental error occurs where an erroneous instruction is given and "the effect of that instruction is to negate the defendant's only defense."[2]

Conclusion
York's self-defense claim was the basis for his whole defense at trial. The erroneous justifiable use of force instruction therefore constituted fundamental error. York's convictions and sentences are reversed, and the case is remanded for a new trial.
Reversed and remanded for new trial.
DAVIS, J., and THREADGILL, EDWARD F., Senior Judge, Concur.
NOTES
[1] The erroneous language in the instruction was based on section 776.041(1), Florida Statutes (2001), which provides, in pertinent part, that the defense of justifiable use of force "is not available to a person who ... [i]s attempting to commit, committing, or escaping after the commission of, a forcible felony." The statute envisions a scenario in which a defendant who has committed or attempted to commit a forcible felony has alsoeither during the commission of that forcible felony or in its aftermathengaged in conduct for which he has been charged with a separate offense but which he claims was justified by self-defense. The statutory provision is based on the sensible notion that persons committing or attempting to commit forcible felonies or fleeing the scene of such crimes are not legally entitled to meet force with force. In the instant case, the type of scenario to which the statute applies was not present. Both offenses charged against York involved the same conduct of shooting Yurek in his vehicle. The instruction incorrectly suggested to the jury that a claim of the justifiable use of force was not available as a defense to those charges. See Giles v. State, 831 So.2d 1263 (Fla. 4th DCA 2002).
[2] An exception from the doctrine of fundamental error applies in circumstances "where defense counsel affirmatively agreed to or requested" an erroneous instruction. State v. Lucas, 645 So.2d 425, 427 (Fla.1994). Such circumstances are not present in the instant case.