939 So.2d 123 (2006)
MICHAEL GRIMSLEY, Appellant,
v.
STATE OF FLORIDA, Appellee.
Case No. 2D05-3705.
District Court of Appeal of Florida, Second District.
Opinion filed September 1, 2006.
James Marion Moorman, Public Defender, and Lanitra Sanchez-Moore, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Michael Grimsley raises four issues on review of his judgment and sentence for aggravated battery. We affirm Grimsley's judgment and sentence but write to discuss one of the issues raised on appeal and an issue that was not raised on appeal.
Grimsley was charged with aggravated battery with great bodily harm or permanent disability or permanent disfigurement. The State's theory at trial was that Grimsley attacked the victim, causing great bodily harm to him by inflicting a sinus bone fracture, an orbital fracture, and a hematoma. Grimsley's defense at trial was self-defense.
During the jury charge conference, Grimsley requested instructions on both justifiable use of deadly force and justifiable use of nondeadly force. The court refused to give both instructions, and Grimsley asked for some time to decide which instruction to choose. After a recess, Grimsley chose the instruction on justifiable use of nondeadly force without further objection. On appeal, Grimsley argues that the trial court abused its discretion in denying his request for both instructions.
If the evidence does not establish that the force used by the defendant was deadly or nondeadly as a matter of law, then the jury should decide the question and the defendant is entitled to instructions on both justifiable use of deadly force and justifiable use of nondeadly force. Caruthers v. State, 721 So. 2d 371, 371-72 (Fla. 2d DCA 1998); Mathews v. State, 799 So. 2d 265, 266 (Fla. 1st DCA 2001); Williams v. State, 727 So. 2d 1062, 1062 (Fla. 4th DCA 1999). The evidence in this case does not establish that the force used by Grimsley was deadly or nondeadly as a matter of law. Accordingly, Grimsley was entitled to both instructions.
However, we conclude that Grimsley did not preserve this issue for review because counsel abandoned his request for both instructions by choosing the instruction on justifiable use of nondeadly force without further objection. Thus, Grimsley is not entitled to reversal on this basis.
There is an error in the jury instructions that would require a new trial regardless of Grimsley's failure to object below; however, this error was not raised on appeal. Our review of the record revealed that the trial court erroneously gave the standard jury instruction regarding the forcible felony exception to self-defense. See York v. State, 932 So. 2d 413, 415-16 (Fla. 2d DCA 2006); Houston v. State, 919 So. 2d 489, 490 (Fla. 2d DCA 2005); Zuniga v. State, 869 So. 2d 1239, 1240 (Fla. 2d DCA 2004). Although this court has determined that the giving of this instruction constitutes fundamental error under similar circumstances, see id., we are precluded from reviewing the issue because it was not raised on appeal. Our affirmance is therefore without prejudice to any right Grimsely might have to file a motion for appropriate postconviction relief.
Affirmed.
CANADY and LaROSE, JJ., Concur.
NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.