944 So.2d 1244 (2006)
Dwayne Ricardo WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-3851.
District Court of Appeal of Florida, Second District.
December 29, 2006.
James Marion Moorman, Public Defender, and Jack W. Shaw, Jr., Special Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Anne Sheer Weiner, Assistant Attorney General, Tampa, for Appellee.
FULMER, Chief Judge.
Dwayne Ricardo Wilson appeals his judgment and sentence for second-degree murder. We affirm the denial of Wilson's motion for judgment of acquittal without comment. However, because the jury instruction on self-defense constituted fundamental error under established case law, as the State concedes, we reverse.
Wilson was charged with one count of second-degree murder in the stabbing death of Michael Harris. At trial, Wilson's sole defense, raised during his own testimony, was that he stabbed Harris in self-defense after Harris allegedly came after him holding what Wilson said looked like a knife. As part of the jury instruction on self-defense, the trial court gave an instruction on the forcible felony exception to self-defense. The court read, in pertinent part: "[T]he use of force likely to cause death or great bodily harm is not justifiable if you find . . . Dwayne Ricardo Wilson was attempting to commit or committing Murder in the second-degree, Manslaughter, or Aggravated Battery. . . ." See Fla. Std. Jury Instr. (Crim.) 3.6(f).
"It is well established that this standard instruction is not appropriate unless the defendant is charged with an independent forcible felony, in addition to the offense for which he claims self-defense." Smith v. State, 933 So.2d 1275, 1276 (Fla. 2d DCA 2006) (citing Martinez v. State, 933 So.2d 1155, 1157-58 (Fla. 3d DCA 2006) (citing cases from each district that hold the giving of this instruction is error)). *1246 As explained in Giles v. State, 831 So.2d 1263, 1266 (Fla. 4th DCA 2002), the instruction is "circular and confusing to the jury" because it improperly instructs the jury that the very act that the defendant seeks to justify as an act of self-defense prevents that same act from being an act of self-defense.
Wilson's counsel did not object to this instruction. This court has, however, consistently held that this instruction "essentially negates the defense and constitutes fundamental error when a defendant committed a single act and claimed self-defense." Velazquez v. State, 884 So.2d 377, 377-78 (Fla. 2d DCA 2004) (attempted second-degree murder) (citing Zuniga v. State, 869 So.2d 1239 (Fla. 2d DCA 2004) (aggravated battery with a deadly weapon); Baker v. State, 877 So.2d 856 (Fla. 2d DCA 2004) (aggravated battery with a deadly weapon)); see also Grier v. State, 928 So.2d 368 (Fla. 3d DCA 2006) (second-degree murder).
In line with our precedent, we conclude that although Wilson did not raise this issue at trial, the erroneous instruction was fundamental error. Self-defense was the only defense Wilson asserted at trial, and there was evidence to support that defense. Therefore, we reverse and remand for a new trial. Due to our reversal, we need not reach two additional issues raised by Wilson concerning a motion for mistrial and alleged improper argument by the State during closing argument.
Reversed and remanded for a new trial.
SALCINES and SILBERMAN, JJ., Concur.