954 So.2d 110 (2007)
Melbra BREWER, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D06-3862.
District Court of Appeal of Florida, Second District.
April 25, 2007.
*111 Melbra Brewer, pro se.
Bill McCollum, Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Respondent.
VILLANTI, Judge.
Melbra Brewer, in her petition filed pursuant to Florida Rule of Appellate Procedure 9.141(c), raised six grounds alleging ineffective assistance of appellate counsel. We grant the petition as it relates to one of the grounds raised therein, and we deny, without discussion, the remaining grounds.[1]
Brewer was convicted, after jury trial, of aggravated battery. The judgment and sentence were affirmed on direct appeal. Brewer v. State, 908 So.2d 1065 (Fla. 2d DCA 2005) (table decision). At trial, Brewer testified that the victim attacked her with a stick and a broken bottle and that she was acting in self-defense when she stabbed the victim with a knife. Two other witnesses testified for the defense that they saw the victim attack Brewer first. The victim's testimony was that Brewer attacked her with a knife and she fought back using only her fists. None of the other State's witnesses observed the actual confrontation between Brewer and the victim.
Brewer's defense at trial was the justifiable use of deadly force. However, the trial court instructed the jury that "the use of force likely to cause death or great bodily harm is not justified if you find the Defendant was attempting to commit, committing or escaping after the commission of an aggravated battery." Brewer contends, and we agree, that appellate counsel was ineffective for failing to argue that the above "circular" self-defense instruction constitutes fundamental error under the facts of this case. See Hernandez v. State, 884 So.2d 281 (Fla. 2d DCA 2004); York v. State, 891 So.2d 569 (Fla. 2d DCA 2004). Both Hernandez and York were issued months before the initial brief was filed in Brewer. Both cases held that appellate counsel was ineffective in failing to argue that the exact same instruction as the one given in Brewer constituted fundamental error under the facts of those cases. Because a new appeal would be redundant in *112 this case, we reverse the conviction, vacate the sentence, and direct that Brewer be retried. See Hernandez, 884 So.2d at 282 (citing Johnson v. Wainwright, 498 So.2d 938, 939 (Fla.1986)).
Petition granted in part and denied in part.
SILBERMAN and WALLACE, JJ., Concur.
NOTES
[1] We do note, however, that the trial court erred in denying Brewer the opportunity to cross-examine the investigating detective regarding the entirety of Brewer's statement to him on the incident in question. See Christopher v. State, 583 So.2d 642, 646 (Fla.1991) (citing Louette v. State, 152 Fla. 495, 12 So.2d 168 (1943)) (holding that "[w]hen the state offers in evidence a part of a confession or admission against interest, the defendant is entitled to bring out on cross-examination the entire confession or admission").