967 So.2d 1132 (2007)
Michael GRIMSLEY, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D07-1948.
District Court of Appeal of Florida, Second District.
November 16, 2007.
*1133 Michael Grimsley, pro se.
Bill McCollum, Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Respondent.
CANADY, Judge.
Michael Grimsley, in his petition filed pursuant to Florida Rule of Appellate Procedure 9.141(c), alleges that his appellate counsel was ineffective for failing to argue in the direct appeal of his aggravated battery conviction that the instruction on the justifiable use of force, which was given to the jury at trial, constituted fundamental error. We agree that appellate counsel rendered ineffective assistance when she neglected to raise this issue. Accordingly, we grant the petition, reverse Grimsley's conviction, vacate the sentence imposed thereon, and remand for a new trial.
This court, in Grimsley v. State, 939 So.2d 123 (Fla. 2d DCA 2006), affirmed Grimsley's aggravated battery conviction and ensuing sentence. In so doing, we stated:
Our review of the record revealed that the trial court erroneously gave the standard jury instruction regarding the forcible felony exception to self-defense. See York v. State, 932 So.2d 413, 415-16 (Fla. 2d DCA 2006); Houston v. State, 919 So.2d 489, 490 (Fla. 2d DCA 2005); Zuniga v. State, 869 So.2d 1239, 1240 (Fla. 2d DCA 2004). Although this court has determined that the giving of this instruction constitutes fundamental error under similar circumstances, see id., we are precluded from reviewing the issue because it was not raised on appeal. Our affirmance is therefore without prejudice to any right Grimsley might have to file a motion for appropriate postconviction relief.
Id. at 125. In response to the above language, Grimsley filed the present petition.
This court's opinion in York v. State, 932 So.2d 413 (Fla. 2d DCA 2006), issued during the pendency of the direct appeal in this case. York was convicted after jury trial of aggravated battery and shooting into a vehicle. The trial court instructed the jury that "`the use of force likely to cause death or great bodily harm is not justifiable if you find . . . [York] was attempting to commit, or committing, or escaping after the commission of aggravated battery.'" Id. at 415. In York, we listed a catalogue of cases wherein a similar "circular" self-defense instruction was determined to be fundamental error in each case. Id. at 415-16. We concluded that appellate counsel was ineffective for not arguing that the instruction in York constituted fundamental error because York's self-defense claim, which was supported by the testimony, was the crux of the case *1134 and the effect of the erroneous instruction was to negate York's only defense. Id. at 416.
In the present case, Grimsley testified that he punched the victim approximately six times in self-defense after the victim physically attacked him. Grimsley presented no other defense to the charge, and his self-defense claim was the crux of the case. The jury was instructed that the "use of force not likely to cause death or great bodily harm is not justifiable if you find . . . Michael Grimsley was attempting to commit, committing or escaping after the commission of aggravated battery." We conclude, therefore, that appellate counsel rendered ineffective assistance in not arguing that this "circular" self-defense instruction constituted fundamental error. Because a new appeal would be redundant in this case, we reverse the conviction, vacate the sentence, and direct that Grimsley be retried. See Brewer v. State, 954 So.2d 110, 111-12 (Fla. 2d DCA 2007).
Petition granted.
DAVIS and WALLACE, JJ., Concur.