972 So.2d 240 (2007)
Joseph Lushington GARRELL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-2645.
District Court of Appeal of Florida, Second District.
December 21, 2007.
Rehearing Denied February 8, 2008.
James Marion Moorman, Public Defender, and Siobhan Helene Shea, Special Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Sonya Roebuck Horbelt, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Joseph Lushington Garrell contends that several instances of trial court error warrant a new trial. We agree with his contention that the trial court erred by providing the jury with an instruction on the justifiable use of force that included the forcible-felony exception to self-defense. Accordingly, we reverse and remand for a new trial.

*241 FACTUAL AND PROCEDURAL BASIS

Following a trial by jury, the trial court granted defense motions, which resulted in Mr. Garrell being convicted of one count of the second-degree murder of David Simpson and one count of the attempted second-degree murder of Antonio Ramsey. Initially, the charges were, respectively, first-degree murder and attempted first-degree murder, based on Mr. Garrell's shooting of each victim.[1] The facts preceding the shooting incident critically pertain to the challenged jury instruction.
The two shooting victims were part of a gang of four who set in motion the events leading ultimately to the shooting incident. The four conspired to arrange a drug buy where the drug seller would be relieved of the drugs, the money, or both. One of the four set the plan in motion by placing a telephone call to Franz Cargill, Mr. Garrell's friend, to arrange the deal. With the drug sale arranged, Mr. Cargill then telephoned Mr. Garrell with instructions to complete the transaction. Mr. Garrell was to meet the prospective buyer at his apartment complex's parking lot. The four arrived at the parking lot in a Cavalier automobile and there they separated. One remained in the car to meet Mr. Garrell while the remaining three placed themselves at strategic locations enabling them to intercept Mr. Garrell before he could return to the safety of his apartment. Here, the trial testimony diverged. The would-be robbers offered testimony that Mr. Garrell was not robbed in the Cavalier or intercepted on his return. However, Mr. Garrell testified that when the Cavalier's occupant lifted his clothing to display a firearm, Mr. Garrell relinquished two ounces of marijuana and fled to his apartment, passing three threatening-looking strangers.
Ensconced in his apartment, Mr. Garrell called Mr. Cargill and told him what had transpired. Sufficiently perturbed, Mr. Cargill arrived at the apartment complex approximately a minute later, picked up Mr. Garrell, and began a driving search for the Cavalier. Ultimately, Mr. Cargill saw the Cavalier exiting a nearby apartment complex and followed it into a McDonald's restaurant parking lot. Mr. Cargill maneuvered his car so that it blocked the Cavalier, and for approximately thirty seconds he yelled at the car's occupants. Then Mr. Cargill made a fateful decision which tragically impacted the lives of Mr. Simpson, Mr. Ramsey, and Mr. Garrell: he handed a loaded, operable handgun to Mr. Garrell and indicated that Mr. Garrell should do something about the robbery. Exiting the car, Mr. Garrell fired at least five shots, causing Mr. Simpson's death and wounding Mr. Ramsey.
At the close of evidence, Mr. Garrell sought a special jury instruction on the justifiable use of deadly force. The State objected. The trial court declined to give the special instruction and, instead, gave a subset of the standard jury instruction which contained, in part, the following language:
However, the use of force likely to cause death or great bodily harm is not justifiable if you find that Mr. Garrell was attempting to commit or committing or escaping after the commission of a robbery, or that Mr. Garrell initially provoked the use of force against himself, unless the force asserted against Mr. *242 Garrell was so great that he reasonably believed that he was in imminent danger of death or great bodily harm.

ANALYSIS
The jury instruction at the heart of this appeal is commonly known as the forcible-felony exception to self-defense. It is contained within Florida Standard Jury Instruction (Crim.) 3.6(f) titled "Justifiable Use of Deadly Force." Its statutory point of origin is section 776.041, Florida Statutes (2003). Titled "Use of Force by Aggressor," this statutory provision removes the defense of the justifiable use of force as codified by section 776.012, from a person who acts in one of two ways: first, the person attempts to commit, is committing, or is escaping after the commission of a forcible felony; or, alternatively, the actor provokes the use of force against himself.
"It is well established that this standard instruction is not appropriate unless the defendant is charged with an independent forcible felony, in addition to the offense for which he claims self-defense." Smith v. State, 933 So.2d 1275, 1276 (Fla. 2d DCA 2006). It is for this reason that the forcible-felony exception contains the following directives: "Insert and define applicable forcible felony that defendant alleges victim was about to commit. . . . Give only if the defendant is charged with more than one forcible felony. . . . Define applicable forcible felony."
Here, Mr. Garrell was not charged with a separate forcible felony nor was either victim at the time of the shooting engaged in the perpetration of a felony. Furthermore, the robbery portion of the challenged instruction referred to an offense for which Mr. Garrell was the intended victim. Clearly, the record indicates that as to the murder charge and as to the attempted murder charge, Mr. Garrell asserted that he was not guilty of either because he acted in self-defense. He argued that his self-defense caused each shooting to be justifiable. Accordingly, there being no separate forcible felony to which the instruction would apply, it was error for the trial court to provide this instruction to the jury. The instruction is normally given where "the accused is charged with at least two criminal acts, the act for which the accused is claiming self-defense and a separate forcible felony." Zuniga v. State, 869 So.2d 1239, 1240 (Fla. 2d DCA 2004) (internal quotation omitted).
Our examination of the record reveals that Mr. Garrell's counsel did not object to the improper instruction. In the absence of a contemporaneous objection, Mr. Garrell can be afforded relief only if the error is deemed fundamental. Davis v. State, 661 So.2d 1193, 1197 (Fla.1995), receded from in part on other grounds, Mack v. State, 823 So.2d 746, 748 (Fla.2002). In York v. State, 932 So.2d 413 (Fla. 2d DCA 2006), this court held:
[T]he giving of an instruction similar to the instruction at issue here was fundamental error. Citing the rule stated in Reed v. State, 837 So.2d 366 (Fla.2002), that an erroneous instruction defining an element of a crime is fundamental error if the element was disputed at trial, we concluded in Zuniga that "[t]he self-defense instruction can be likened to an element of the offense for its importance to the defendant," and we therefore held that the error was fundamental "because the erroneous instruction was relevant to the disputed issue at trial."
York, 932 So.2d at 415. Previously, this court has also held that the inappropriate providing of this instruction constitutes fundamental error because "the instruction is `circular and confusing to the jury'" in that "it improperly instructs the jury that the very act that the defendant seeks to *243 justify as an act of self-defense prevents the same act from being an act of self-defense." Wilson v. State, 944 So.2d 1244, 1246 (Fla. 2d DCA 2006) (citing Giles v. State, 831 So.2d 1263, 1266 (Fla. 4th DCA 2002)). Here, to instruct the jury that the accused was not entitled, as a matter of law, to use force in self-defense if he was committing, attempting to commit, or escaping after committing a crime (here, robbery) that he was not charged with is clearly confusing, circular, and likely to negate the very defense he interposed. This is particularly so when the record suggests the robbery was intended to be perpetrated against Mr. Garrell. Consistent with this court's precedents, we hold the error here was fundamental.
Accordingly, we reverse and remand for a new trial.
FULMER, J., Concurs in result only.
WALLACE, J., Concurs.
NOTES
[1] The record reflects that on June 5, 2006, defense counsel moved for and was granted a reduction in count 2 to attempted murder in the second degree. Sentencing occurred that same day. We call the circuit court's attention to a scrivener's error in the written order of judgment and sentence which improperly reflects that Mr. Garrell was adjudicated on count 2 of "attempted murder in the first."