993 So.2d 1008 (2008)
Jacqueline JENKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-609.
District Court of Appeal of Florida, Second District.
January 4, 2008.
James Marion Moorman, Public Defender, and Alisa Smith, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
SALCINES, Judge.
Jacqueline Jenkins appeals her conviction for manslaughter. We reverse and remand for a new trial.
Jenkins was charged with one count of manslaughter. No other independent forcible felonies were charged. The trial court gave the following self-defense instruction:
However, the use of force likely to cause death or great bodily harm is not justifiedor justifiable if you find: One, Jacqueline Jenkins was attempting to commit-committing or escaping after the commission of battery ....
(Emphasis added.) No objection to the instruction was raised by trial counsel.
It is well established that this standard instruction is not appropriate unless the defendant has been charged with an independent forcible felony, in addition to the offense for which he or she claims self-defense. See Wilson v. State, 944 So.2d 1244, 1245 (Fla. 2d DCA 2006). This court has repeatedly found this type of "circular *1009 and confusing" jury instruction to constitute fundamental error. See Wilson, 944 So.2d at 1246; Smith v. State, 933 So.2d 1275, 1276 (Fla. 2d DCA 2006); York v. State, 932 So.2d 413, 416 (Fla. 2d DCA 2006). Accordingly, we reverse and remand for a new trial due to fundamental reversible error in the jury instruction on self-defense.[1]
Reversed and remanded for new trial.
SILBERMAN, and KELLY, JJ., Concur.
NOTES
[1] Jenkins raises five other issues on appeal. Because we have reversed Jenkins' conviction and ordered a new trial based on the erroneous jury instruction, we do not discuss these additional issues. However, we note that no other reversible error was committed at trial.