VILLANTI, Judge.
This case involves another misuse of the often misunderstood jury instruction on the forcible felony exception to self-defense. The misuse of the instruction in this case requires us to reverse the summary denial of one claim raised by Jose F. Santiago in his motion for postconviction relief and remand for further proceedings.
Generally, a defendant is entitled to have a jury consider his or her theory of defense as long as there is any evidence to support that theory. See, e.g., Bryant v. State, 412 So.2d 347, 350 (Fla.1982); Upshaw v. State, 871 So.2d 1015, 1017 (Fla. 2d DCA 2004) (noting that “[a] defendant is entitled to an instruction on his theory of defense ‘however flimsy the evidence is which supports that theory” (quoting Arthur v. State, 717 So.2d 193, 194 (Fla. 5th DCA 1998))). However, the legislature has modified a defendant’s right to have the jury consider the defense of self-defense when the defendant is engaged in a forcible felony at the time of the alleged self-defense. The forcible felony exception—section 776.041(1), Florida Statutes (2000)—provides that self-defense is not available as a defense if it occurred while the defendant was “attempting to commit, committing, or escaping after the commission of a forcible felony....” Thus, as a matter of public policy, the forcible felony exception prohibits defendants from availing themselves of the defense of self-defense in certain circumstances even when there are facts that might arguably support such a defense.
However, in recognition of the due process considerations underlying a defendant’s general right to have the jury instructed on his or her theory of defense, the legislature defined relatively narrow circumstances under which the forcible felony exception applies. First, the exception applies only when “the accused is charged with at least two criminal acts, the act for which the accused is claiming self-defense and a separate forcible felony.” Giles v. State, 831 So.2d 1263, 1265 (Fla. 4th DCA 2002); see also Martinez v. State, 981 So.2d 449, 453-54 (Fla.2008). Thus, “the proper test for determining the applicability of the instruction is not whether the self-defense act itself could qualify as a forcible felony, but whether, at the time of the self-defense, the accused was engaged in a separate forcible felonious act.” Giles, 831 So.2d at 1266.
Second, for the forcible felony exception to apply, the defendant must be engaged in the separate and independent felonious act at the time of the alleged self-defense. See Giles, 831 So.2d at 1266; Cleveland v. State, 887 So.2d 362, 363 (Fla. 5th DCA 2004). A separate and independent forcible felony that occurs at some time other than when the alleged self-defense was occurring will not generally support giving the forcible felony instruction. See Garrell v. State, 972 So.2d 240, 242 (Fla. 2d DCA 2007) (noting that robbery that occurred earlier in the evening before the events giving rise to the claim of self-defense could not support the forcible felony instruction because, among other things, the robbery was not in progress “at the time of the shooting”).
Third, because the defendant must be engaged in a separate and independent forcible felony at the time of the self-defense, “[a]n instruction on the forcible-felony exception should not be given ‘unless the defendant is charged with an independent forcible felony, in addition to the offense for which he claims self-defense.’” *1023 Redding v. State, 41 So.3d 353, 354-55 (Fla. 2d DCA 2010) (quoting Wilson v. State, 944 So.2d 1244, 1245 (Fla. 2d DCA 2006)) (emphasis added); see also Zuniga v. State, 869 So.2d 1239, 1240 (Fla. 2d DCA 2004); Stoute v. State, 987 So.2d 748, 749 (Fla. 4th DCA 2008). Thus, when the defendant claims self-defense as to every offense with which he is charged, there is no separately charged “forcible felony” to trigger the application of the instruction. See Martinez, 981 So.2d at 453-54 (finding the forcible felony instruction improperly given when the defendant was charged with both attempted murder and aggravated battery and claimed self-defense as to both charges); Shepard v. Crosby, 916 So.2d 861, 864 (Fla. 4th DCA 2005) (holding that the forcible felony exception was inapplicable in a case in which the defendant claimed self-defense with respect to every charged offense, thus leaving no separately charged forcible felony to trigger the instruction).
Because there seemed to be some uncertainty in the trial courts concerning the proper use of the forcible felony exception, the supreme court set out an example in Martinez to illustrate its proper application.
[A] defendant enters a convenience store and points a knife at the clerk, asking him to empty the register. As the clerk is doing so, a customer approaches the defendant from behind and hits him in the head with a bottle. The defendant turns and stabs the customer.
At his subsequent trial, assuming the jury believes this version of events, the defendant could not successfully claim self-defense for his aggravated battery of the customer. While ordinarily an individual who has been hit in the head with a bottle would be justified in using force to repel this attack, the Legislature has determined that a person who is committing a crime (in this example, the robbery) is not entitled to use deadly force.
981 So.2d at 454 n. 4. In this example, the robbery was a separate and independent forcible felony that the defendant was engaged in at the time of the alleged self-defense and the defendant was not claiming self-defense as to the robbery offense. Therefore, the forcible felony exception would apply to prevent the defendant from claiming self-defense to any charge arising from the stabbing of the customer.
From this legal framework, we turn to the facts of Santiago’s case. The very limited record before this court reveals that Santiago was involved in an ongoing dispute with one George Smith concerning the wheels on Santiago’s car, which Smith contended had been stolen from him. According to Santiago, Smith, Derrick Phillips, and a third person who may have been Kevin Hayes confronted Santiago about the wheels while the four men were at a nightclub on July 20, 2000. The men exchanged words inside the club but then separated. Several hours later, as Santiago got in his car to leave the club, Smith and Phillips approached Santiago’s car and Phillips reached toward the waistband of his pants. Believing that Phillips was reaching for a gun, Santiago pulled out his own gun and fired several shots toward the men. Phillips was hit by a shot but survived. Hayes was also shot and later died. While fleeing the scene after the shooting, Santiago allegedly took some type of aggressive action towards two police officers who were responding to reports of the shooting. Santiago was apprehended a short time later a short distance from the scene.
Santiago was subsequently charged with one count of first-degree murder for the death of Hayes, two counts of attempted first-degree murder for shooting at Smith *1024 and Phillips, two counts of aggravated assault on a law enforcement officer, one count of obstructing or opposing an officer with violence, and one count of aggravated fleeing or eluding. Santiago’s sole defense to the murder charge and the two attempted murder charges was that he was acting in self-defense when he fired at Smith, Phillips, and Hayes.
During the jury charge conference, the State requested that the court give the instruction on the forcible felony exception to self-defense. Santiago’s counsel did not object to the State’s request for this instruction, and the trial court subsequently instructed the jury, in pertinent part, as follows:
An issue in this case is whether the Defendant acted in self defense. It is a defense to the offense with which Jose Fabian Santiago is charged if the death of Kevin Alexander Hayes resulted from the justifiable use of force likely to cause death or great bodily harm.
The use of force likely to cause death or great bodily harm is justifiable only if the Defendant reasonably believes that the force is necessary to prevent death or great bodily harm to himself while resisting
1. another’s attempt to murder him.
[[Image here]]
However, the use of force likely to cause death or great bodily harm is not justifiable if you find:
1. Jose Fabian Santiago was attempting to commit, committing, or escaping after the commission of Mur-derU
(Emphasis added.) After deliberations, the jury found Santiago guilty of the murder and attempted murder charges.[1]
In both his original motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850 and an amended motion, Santiago argued that his trial counsel was ineffective for failing to object to the State’s request for the forcible felony instruction.[2] Santiago contended that this instruction was improper under the facts of his case because it negated his sole defense to the murder and attempted murder charges. The postcon-viction court summarily denied this claim. On the facts here, we must reverse.
The limited record before us does not show that Santiago was engaged in a separate and independent forcible felony when he allegedly acted in self-defense. According to Santiago, he was leaving a nightclub when he was approached by three men with whom he had an ongoing dispute, and he believed that at least one of them was reaching for a gun. Santiago allegedly armed himself and shot at the men in self-defense. These facts do not show that Santiago was engaged in a separate and independent forcible felony at the time of the shooting. Assuming these facts to be true, as we must at this stage of the *1025 postconviction proceedings, see Franqui v. State, 59 So.3d 82, 95 (Fla.2011), Santiago’s trial counsel should have objected to the State’s request for the forcible felony instruction.
In its order summarily denying this claim, the postconviction court concluded that because Santiago was charged with more than one murder or attempted murder charge, that fact in and of itself was sufficient to require the court to give the forcible felony instruction. However, as noted above, the applicability of the forcible felony instruction is not determined solely by the number of offenses with which the defendant is charged. And the multiple murder and attempted murder charges in this case do not justify giving the instruction because Santiago raised self-defense to all three of these acts, leaving no independent forcible felony to support the instruction.
Moreover, contrary to the State’s argument in the trial court, the postconviction court, and here, the aggravated assault charges could not serve as the independent forcible felonies in this case because they were not being committed at the time of the alleged self-defense. Instead, the aggravated assaults allegedly occurred after the shooting. Because the aggravated assaults were separate temporally from the alleged self-defense, they cannot support the application of the forcible felony exception.
In addition, the instruction actually given by the trial court contradicts the State’s current position that the aggravated assault charges constituted the relevant separate and independent forcible felonies. The standard forcible felony instruction states that the use of deadly force is not justifiable if “(Defendant) was attempting to commit, committing, or escaping after the commission of (applicable forcible felony).” Fla. Std. Jury Instr. (Crim.) 8.6(f). The instruction then requires the trial court to “[djefine applicable forcible felony.” Id. If, as the State now contends, the applicable independent forcible felonies were the aggravated assaults, then the trial court should have instructed the jury that Santiago’s use of deadly force was not justifiable if it was used while he “was attempting to commit, committing, or escaping from the commission of an aggravated assault.” Instead, however, the trial court instructed the jury, at the State’s request, that the applicable forcible felony was murder. Thus, the State’s current argument is simply not supported by the record.[3]
In sum, Santiago stated a facially sufficient claim for ineffective assistance of counsel based on trial counsel’s failure to object to the use of the forcible felony instruction under the facts of this case. The postconviction court’s order denying relief on this claim did not attach any portion of the record refuting Santiago’s claim that the instruction was erroneously given. Accordingly, we reverse the summary denial of this claim and remand for further proceedings. On remand, the postconviction court may either attach portions of the record that conclusively refute Santiago’s claim or hold an evidentiary hearing on this issue. We affirm the deni *1026 al of Santiago’s remaining claims without discussion.
Affirmed in part, reversed in part, and remanded for further proceedings.
CASANUEVA, J., Concurs.
ALTENBERND, J., Concurs with opinion.

. The jury acquitted Santiago of the two counts of aggravated assault on a law enforcement officer and found him guilty of obstructing or opposing an officer with violence and aggravated fleeing or eluding. On direct appeal, this court reversed Santiago’s conviction for aggravated fleeing or eluding and remanded with directions to enter a judgment for the lesser offense of fleeing. Santiago v. State, 847 So.2d 1060 (Fla. 2d DCA 2003).

. Santiago's original motion for postconviction relief alleged two claims for relief, and his amended motion realleged one claim from the original motion and alleged five new claims. The postconviction court summarily denied claim two from Santiago's original motion and claims two and three from the amended motion. The court held an eviden-tiary hearing on claim one from the original motion and claims one, four, and five from the amended motion, and it denied those claims after the hearing.

. We note that if Santiago had claimed self-defense as to the aggravated assault charges, the forcible felony instruction might have been appropriately given as to those charges. In that case, the instruction would have told the jury that while Santiago’s use of force in that instance might have been justifiable under defined circumstances, his use of force was not justifiable if the jury were to find that the aggravated assaults were committed while Santiago was escaping after the commission of murder of Hayes or the attempted murders of Smith and Phillips.