NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

AARON E. COOK,                          )
                                        )
          Appellant,                    )
                                        )
v.                                      )          Case No. 2D15-2384
                                        )
STATE OF FLORIDA,                       )
                                        )
          Appellee.                     )
                                        )
_____ )

Opinion filed June 3, 2016.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Pinellas County; Cynthia Newton, Judge.

Aaron E. Cook, pro se.

PER CURIAM.

          Aaron Cook appeals the postconviction court's order summarily denying

his motion filed pursuant to Florida Rule of Criminal Procedure 3.850.  We affirm and

write only to discuss a variation on the forcible-felony exception to the defense of self-

defense.

Cook was indicted for one count of first-degree premeditated murder. The State presented evidence that Cook and a friend were burglarizing cars when a third party, the victim, attempted to intervene. Cook and the victim began tussling, with Cook ultimately punching and stabbing the victim, who later died as a result. At trial the court read instructions for both premeditated murder and felony murder. Using a general verdict form, the jury found Cook guilty of first-degree murder. The court sentenced Cook to life in prison. This court affirmed Cook's direct appeal without opinion. Cook v. State, 119 So. 3d 447 (Fla. 2d DCA 2013) (table decision).

In the first claim of his postconviction motion, Cook alleged that trial counsel was ineffective for failing to investigate and raise the defense of self-defense. The postconviction court denied the claim on the basis that Cook would not have been able to raise self-defense because he killed the victim while he was engaged in a forcible felony, burglarizing a car.[1] In his brief to this court, Cook argues that because he was not separately charged with burglary, the forcible-felony exception did not apply. We conclude that the exception did apply under the facts of this case, such that the postconviction court's order must be affirmed.

Cook relies on section 776.012(1), Florida Statutes (2010), which provides that

> [a] person is justified in using force, except deadly force, against another when and to the extent that the person reasonably believes that such conduct is necessary to defend himself . . . against the other's imminent use of

---

[1]Cook raised two additional claims related to counsel's alleged failure to pursue the defense of self-defense, which the postconviction court also denied. As the analyses and results of those claims are the same as those of the first claim, we do not discuss them separately.

unlawful force.  However, a person is justified in the use of deadly force and does not have a duty to retreat if:

(1) He or she reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself . . . or to prevent the imminent commission of a forcible felony ....

Exceptionally, however, the justification "is not available to a person who . . . is attempting to commit, committing, or escaping after the commission of, a forcible felony." § 776.041(1).  Burglary is a forcible felony.  § 776.08.

Cook further relies on a case in which this court held that the forcible-felony exception applies "only when 'the accused is <u>charged with</u> at least two criminal acts, the act for which the accused is claiming self-defense and a separate forcible felony.' "  <u>Santiago v. State</u>, 88 So. 3d 1020, 1022 (Fla. 2d DCA 2012) (emphasis added) (quoting <u>Giles v. State</u>, 831 So. 2d 1263, 1265 (Fla. 4th DCA 2002)).  Cook argues that because he was not charged with burglary, the holding in <u>Santiago</u> would have allowed the trial court to read a self-defense instruction but not an instruction on the forcible-felony exception.

We disagree.  The principle enunciated in <u>Santiago</u> is that if the defendant claims that the forcible felony with which he was charged was an act of self-defense and was the sole forcible felony that occurred during the criminal episode, the court may not give a jury instruction on the forcible-felony exception because identifying the act of self-defense as the forcible felony negates the defense.  <u>Id.</u> at 1022-25.  Of course, in most scenarios in which the forcible-felony exception is properly invoked, the defendant would have been formally charged with a forcible felony separate from the alleged act of self-defense and the State would have presented evidence sufficient for that charge to survive a motion for judgment of acquittal.  However, a first-degree murder case

- 3 -

proceeding on an alternate theory of felony murder represents an exceptional scenario. "The State need not charge felony murder in an indictment in order to prosecute a defendant under alternative theories of premeditated and felony murder when the indictment charges premeditated murder." Kearse v. State, 662 So. 2d 677, 682 (Fla. 1995). Further, the predicate felony need not be charged. Id. ("Because the State has no obligation to charge felony murder in the indictment, it similarly has no obligation to give notice of the underlying felonies that it will rely upon to prove felony murder."). But even if the predicate felony is not formally charged, to prevail on a felony-murder theory the State must present evidence sufficient to demonstrate that the defendant committed the homicide while engaged in the commission of the predicate felony. Cf. Knight v. State, 338 So. 2d 201, 204 (Fla. 1976) (holding that when defendant was charged with premeditated murder, the trial judge's instruction on felony murder "was warranted by the evidence" (quoting Larry v. State, 104 So. 2d 352, 354 (Fla. 1958))).

We conclude that section 776.041(1)—providing that self-defense as defined in section 776.012 is unavailable to someone who "is attempting to commit, committing, or escaping after the commission of, a forcible felony"—is satisfied in Cook's case because the record reflects that there was sufficient evidence to allow the case to proceed to the jury on the alternate theory of felony murder, the predicate felony being the burglary of a car.[2] As such, if Cook had raised self-defense at trial, the court would have been required to read an instruction on the forcible-felony exception. Trial counsel was not ineffective for failing to let such a procedure go forward.

---

[2]Additionally, in his postconviction motion Cook admitted to committing the burglaries.

- 4 -

Affirmed.

CASANUEVA, KELLY, and BLACK, JJ., Concur.