575 So.2d 1373 (1991)
Peter DEVEAUGH, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1187.
District Court of Appeal of Florida, Fourth District.
March 13, 1991.
*1374 Jeffrey A. Miller of Miller & Beilly, P.A., Fort Lauderdale, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Sylvia Alonso, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant, Peter Deveaugh, was charged by information with committing aggravated battery upon Phillip Apelquist. The charges arose out of a fistfight between appellant and Apelquist, which resulted in Apelquist suffering a broken nose and jaw. Apelquist is a large, 6'3", man, weighing 230 pounds; while appellant is the holder of a brown belt in karate. Apelquist contends that appellant hit him without provocation, while appellant maintains that Apelquist was the first aggressor and that he hit Apelquist in self defense.
At the close of the evidence appellant requested the court to instruct the jury in accordance with standard jury instruction 3.04(e), concerning justifiable use of nondeadly force. The court refused to do so but did instruct the jury, using standard instruction 3.04(d), concerning justifiable use of deadly force. The jury acquitted appellant on the aggravated battery charge, but found him guilty of simple battery and the court sentenced appellant to one year's probation, restitution and fifty hours of community service.
It is apodictic that a party is entitled to have the jury instructed upon his theory of the case. The instruction on justifiable use of nondeadly force was of the essence of appellant's defense and clearly should have been given.
The state, arguendo, contends that, if the court erred in not giving the requested instruction, it is harmless error because appellant was not convicted of aggravated conduct. However, based upon the factual scenario presented here, we are unable to say beyond a reasonable doubt that the result would not have been different had the jury been properly instructed. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
Accordingly, the judgment and sentence are reversed and the cause is remanded for a new trial.
GUNTHER and POLEN, JJ., concur.