937 So.2d 180 (2006)
Richard GREGORY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-1378.
District Court of Appeal of Florida, Fourth District.
August 16, 2006.
*181 John H. Lipinski of the Law Office of J.H. Lipinski, Pembroke Pines, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
Richard Gregory appeals his criminal conviction and sentence for burglary of a dwelling with a battery. He contends that the trial court erred in denying his motion for judgment of acquittal and in failing to instruct the jury on justifiable use of force. We find no error in the denial of the defendant's motion for judgment of acquittal, but agree that the court erred in denying the defendant's request for the self-defense instruction. We therefore reverse for a new trial.
The defendant and the victim, Marcia Perea, were neighbors, friends and lovers. The defendant visited Ms. Perea in her home often, every day or every other day. At around 6:00 p.m. on the evening of May 12, 2003, the defendant came to her house and brought two bottles of wine. He put them down, unopened, less than five feet from the front door. That evening, the defendant and Perea spent time together relaxing on the patio, listening to music, drinking, and making love. They drank quite a bit and Perea was a "little looped." The defendant drank a few beers. He fell asleep for an hour or so.
Around 11:00 p.m., Perea woke the defendant and asked him to leave, so she would not have to set the alarm for 5:30 a.m., the time he went to work. The defendant was slightly agitated because he had been in a deep sleep and was still half asleep. But he put on his pants and quickly and quietly walked out the door. About two seconds or one minute later, he knocked on the door. Perea knew it was him knocking. She opened the door halfway. He was coming in and turning to his right to get the bottles of wine. He was partially outside the front door, reaching for the wine. She did not want him to take the wine because she was afraid he would drink it and drive or get hurt. So she started pushing him out the door as hard as she could push. She is 5' 3" and weighs 115 pounds. The defendant is not a tall man, but he is much stronger than Perea. She told him to go home and made clear to him that she did not want him in her house. She pushed him to keep him out of her house and he pushed back; they were pushing each other simultaneously for a few seconds. Once inside, the defendant grabbed Perea by the neck, picked her up, and bashed her head into a picture, breaking the glass. He also pushed her head into the wall. He said that she fell over the dog. She did not know if he threw her on the floor, but she recalled that he pushed her head into the tile floor.
The defendant then stopped. He said he felt "terrible, terrible, terrible." He helped Perea get up from the floor and supported her slowly out to the patio to sit down in a chair. He lit a cigarette for her. They sat together for thirty to forty minutes.
*182 The attack occurred on Monday night. On Tuesday night, the defendant came by and brought Perea some Tylenol. They went out to dinner together. She wanted to forgive him. She suffered bad bruises and swelling on her elbows, had a lump on her head and, as the result of her neck being held, she could not swallow for about three weeks. She testified that she sustained no permanent cuts or deformities.
On Wednesday, she called the police. Then she obtained a restraining order. Afterwards, however, they continued to see each other. He kept telling her how sorry he was and she believed his remorse was genuine. As a result of the incident on May 12, 2003, the defendant was charged by information with burglary of a dwelling with battery.
At trial, the defendant requested an instruction on the justifiable use of force. The trial court refused to give this instruction, which would have instructed the jury that one of the issues in the case was whether the defendant had acted in self-defense in touching or striking Perea. See Fla. Std. Jury Instr. (Crim.) 3.6(g).
As to lesser-included offenses, the court instructed the jury on Burglary of a Dwelling, Trespass of an Occupied Structure with a Human Being, Trespass of an Unoccupied Structure, and Battery. The court provided the jury with a verdict form listing all the offenses separately and instructing them to check only one box. Defense counsel did not object or request the court to instruct the jury on the option of finding the defendant guilty of a trespass and battery combination. The jury found the defendant guilty of Burglary of a Dwelling with a Battery. He was sentenced to fifteen years imprisonment.
The defendant argues that the trial court erred in failing to instruct the jury on the justifiable use of force. A criminal defendant is entitled to have the jury instructed on the law applicable to his or her theory of defense where there is any evidence to support it, no matter how weak or flimsy. Wright v. State, 705 So.2d 102, 104 (Fla. 4th DCA 1998); Smith v. State, 424 So.2d 726 (Fla.1982); Brozey v. State, 911 So.2d 867, 868 (Fla. 2d DCA 2005); Cartegena v. State, 909 So.2d 414, 415 (Fla. 5th DCA 2005); Upshaw v. State, 871 So.2d 1015, 1017 (Fla. 2d DCA 2004) (quoting Arthur v. State, 717 So.2d 193, 194 (Fla. 5th DCA 1998)); Garramone v. State, 636 So.2d 869 (Fla. 4th DCA 1994); Simon v. State, 589 So.2d 381, 382 (Fla. 4th DCA 1991); Deveaugh v. State, 575 So.2d 1373, 1374 (Fla. 4th DCA 1991); Cooper v. State, 573 So.2d 74, 76 (Fla. 4th DCA 1990); Kilgore v. State, 271 So.2d 148, 152 (Fla. 2d DCA 1972).
The trial court should not weigh the evidence for the purpose of determining whether the instruction is appropriate. Garramone, 636 So.2d at 870 (citing Smith). In Garramone, we quoted Kilgore, 271 So.2d at 152:
It is not the quantum or the quality of the proof as to self defense that determines the requirement for giving the charge. If any evidence of a substantial character is adduced . . . the element of self-defense becomes an issue, and the jury, as the trier of the facts, should be duly charged as to the law thereon, because it is the jury's function to determine that issue.
Id. (citing Kiernan v. State, 613 So.2d 1362 (Fla. 4th DCA 1993)).
Here, there was testimony that Perea pushed the defendant away when he reached for the wine and that afterwards a shoving match ensued. Because of evidence that the defendant was first struck by Perea and that he responded only with the use of non-deadly force, the defendant was entitled to have the jury instructed on his theory of self-defense. Failure to give the requested instruction on the justifiable *183 use of non-deadly force was reversible error. See Cartegena, 909 So.2d at 416.
The defendant also argues that the trial court erred in failing to instruct the jury that they could convict him of a combination of the two lesser-included misdemeanor offenses, trespass and battery. However, the defendant waived this issue, because he did not request the instruction and assented to the court's decision to list trespass and battery separately on the verdict form. We have held that this is not fundamental error. See Giangrasso v. State, 793 So.2d 71, 73 (Fla. 4th DCA 2001); see generally Whyte v. State, 881 So.2d 1183 (Fla. 5th DCA 2004); Morris v. State, 658 So.2d 155, 156 (Fla. 1st DCA 1995) (in non-capital cases failure to instruct on lesser-included offenses is not fundamental error).
Although this issue was not preserved for review, we address it to guide the trial court in the event this case is retried as a result of our reversal for failure to give the self-defense jury instruction. The defendant was entitled to an instruction and verdict form that would have permitted the jury to return a verdict of trespass coupled with a battery. See Gian-Grasso v. State, 899 So.2d 392, 393 (Fla. 4th DCA 2005) (explaining that "a defendant is entitled to have a jury consider convicting him of the two separate component offenses of a compound offense such as burglary with a battery"). On retrial, if requested, the jury should be permitted to consider the alternative of convicting the defendant of both component offenses, rather than burglary or just one of the component offenses. Id.
Reversed and remanded for a new trial.
GUNTHER and KLEIN, JJ., concur.