989 So.2d 27 (2008)
Robert Eugene PITTS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-99.
District Court of Appeal of Florida, Second District.
June 20, 2008.
*28 James Marion Moorman, Public Defender, and Tosha Cohen, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Joseph Hwan-Yul Lee, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
Robert Eugene Pitts appeals a judgment for burglary of a conveyance with an assault or battery, see § 810.02(2)(a), Fla. Stat. (2005), and the resulting sentence of life imprisonment. Mr. Pitts' conviction for this first-degree felony, punishable by life imprisonment, arises out of an altercation in which he reached into the open door of a commercial truck to grab the driver, initiating a fight that resulted in rather severe injuries to the driver. Because Mr. Pitts testified that his entry into the open door of the vehicle and initial contact with the driver was done in self-defense, the trial court erred when it refused to instruct the jury on the justifiable use of nondeadly force with respect to the charged offense. This error was compounded when the court provided a circular jury instruction on self-defense as to the lesser-included crime of battery. We therefore reverse the judgment and remand for a new trial.

I. THE INCIDENT IN THE TRUCK YARD
On January 9, 2006, Mr. Pitts went to a truck yard to try to find his father, who apparently performed odd jobs for the trucking company. When Mr. Pitts arrived, he approached one of the truckers, who was seated in the cab of his tractor-trailer rig with his door open, getting ready to leave for a scheduled run. Mr. Pitts climbed onto the sideboard of the truck to speak with the trucker, who indicated he did not know where Mr. Pitts could find his father. The trucker agreed to call the owner of the trucking company on his cell phone to see if the owner knew where to find Mr. Pitts' father.
Mr. Pitts spoke with the owner on the cell phone and then returned the cell phone to the trucker while the owner was still on the line. The owner instructed the driver to leave on his scheduled run, but the trucker replied that he could not leave because Mr. Pitts refused to get off the side of the truck. At this time, according to the trucker, Mr. Pitts reached into the open door of the truck and grabbed the trucker's shirt, pulling and ripping the shirt. This angered the trucker, who told the owner to come to the truck yard. The trucker decided to get out of the truck. He testified at trial: "I got quite upset at this point. Yes, sir, I was going to get on the ground with him."
As the trucker was getting out, Mr. Pitts grabbed him and pulled him off the side of the truck. Both men fell to the ground wrestling, but Mr. Pitts was quickly able to pin the trucker by the sleeves of his jacket and began to hit him repeatedly in the face. The men were pulled apart by other men who arrived and saw the altercation. The trucker sustained serious injuries to his nose, jaw, and his left eye, resulting in two surgeries and a week-long hospital stay.

II. A TRIAL ON BURGLARY INSTEAD OF AGGRAVATED BATTERY
Based upon these events, the State charged Mr. Pitts with burglary of a conveyance with an assault or battery, a first-degree *29 felony punishable by life imprisonment. § 810.02(2)(a). Initially, it is important to understand this rather technical charge and the narrow time frame in which this particular offense may have occurred. To support the charge of burglary of a conveyance with an assault or battery, the State maintained that Mr. Pitts committed a burglary when his hands entered the cab of the truck through the open door. See § 810.02(1)(b)(1) (defining burglary as "[e]ntering ... a conveyance with the intent to commit an offense therein"); see also Barton v. State, 797 So.2d 1276, 1278 (Fla. 4th DCA 2001) (concluding defendant committed sufficient "entry" for burglary of a conveyance by reaching in over the side of the bed of a pick-up truck, grabbing a bike, and lifting it up out of the truck); Braswell v. State, 671 So.2d 228, 229-30 (Fla. 1st DCA 1996) (affirming conviction for burglary of a conveyance based upon defendant stealing a cooler from the open bed of a pick-up truck). The State argued that the entry was made with the intent to commit an assault or battery therein. Although burglary of an occupied conveyance is normally a second-degree felony punishable by no more than fifteen years' imprisonment, see §§ 775.082(3)(c), 810.02(3)(d), Fla. Stat. (2005), the offense becomes a first-degree felony punishable by life imprisonment if in the course of committing the offense, the offender "[m]akes an assault or battery upon any person." See § 810.02(2)(a). The State contended that a battery occurred when Mr. Pitts grabbed the trucker's shirt. See § 784.03(1)(a)(1), Fla. Stat. (2005) (providing that a battery occurs when a person "[a]ctually and intentionally touches or strikes another person against the will of the other").
If one merely considered the facts presented at trial in this case and did not read the information, it would seem that Mr. Pitts would be charged with aggravated battery for the fight on the ground. In fact, the State did not charge Mr. Pitts with aggravated battery, a second-degree felony, § 784.045(1)(a)(1), (2), even though it presented extensive evidence of the beating that occurred after the trucker left the truck, including evidence of the severe injuries the trucker sustained in that subsequent fight. When Mr. Pitts asked that the court instruct the jury on the offense of aggravated battery as a permissive lesser-included offense and provide that option on the verdict form, the State successfully objected because the elements of aggravated battery were not charged in the information.[1] Nevertheless, the State made the events occurring after the trucker voluntarily stepped out of the truck a feature of this trial.
Focusing on the offense charged, however, that offense took place within the span of a few seconds when Mr. Pitts' hand crossed the threshold of the open truck door and touched the trucker's shirt. The State sought to prove that at this moment, both a burglary and a battery occurred.[2] If the battery element was not proven, or if Mr. Pitts was successful in proving that the battery was justifiable self-defense, the conviction for this first-degree felony could not stand. Indeed, because there was no *30 evidence that Mr. Pitts intended to commit any offense within the conveyance other than an assault or battery, the failure to prove an assault or battery may have been fatal to any conviction based upon this charge.
A person is justified in committing a battery when that person believes the battery is necessary to defend himself against another's imminent use of unlawful force. See § 776.012, Fla.Stat. (2005). In his defense, Mr. Pitts asserted that his actions in reaching into the truck and grabbing the trucker's shirt were done in self-defense. Mr. Pitts testified that he was standing on the side of the truck speaking with the trucker when it appeared the trucker was going to strike him with his cell phone. According to Mr. Pitts, he lost his balance while seeking to avoid the blow and reached through the open door of the truck and grabbed the trucker's shirt only to regain his balance and avoid injury from a fall off the truck. Thus both the entry and battery, according to Mr. Pitts, were necessitated by self-defense.
At the jury charge conference, the parties agreed that pursuant to the standard jury instructions, the jury would first be instructed on the elements of burglary, and then told:
The punishment provided by law for the crime of burglary is greater if the burglary was committed under aggravating circumstances. Therefore if you decide that the defendant is guilty of burglary you must then consider whether the State has further proved those circumstances. If you find that in the course of committing the burglary the defendant made an assault or battery upon any person, you should find him guilty of burglary during which an assault or a battery has been committed.
See Fla. Std. Jury Instr. (Crim) 13.1 (Burglary). The instructions then continued to define assault and battery.
Counsel for Mr. Pitts asked the trial court to instruct the jury on the justifiable use of nondeadly force at this point in the instructions. The trial court rejected the request based at least in part on the State's assertion that self-defense would not apply to the crime of burglary with a battery but only to the lesser-included crime of simple battery.
Although the trial court refused to read the instruction on the justifiable use of nondeadly force as it related to the primary offense, it did read that instruction after the instructions on the lesser-included offense of simple battery. Then, however, it presented a circular instruction similar to that held to be error in Martinez v. State, 981 So.2d 449 (Fla.2008). That is, the trial court instructed the jury that the justifiable use of force was a defense to simple battery, but "[t]he use of nondeadly force is not justifiable if you find the defendant was attempting to commit, committing, or escaping after the commission of a burglary." Thus, even if the jury might have considered self-defense as to the charges against Mr. Pitts, it was told self-defense could not apply to the primary offense of burglary with a battery.
Based upon the evidence presented and the instructions and verdict form provided, the jury found Mr. Pitts guilty of burglary of an occupied conveyance with an assault or battery. Mr. Pitts' sentencing scoresheet permitted a minimum sentence of 65.2 months in prison to a maximum sentence of life. Mr. Pitts, whose prior record included only misdemeanors, did not qualify for any enhanced sentencing. The trial judge sentenced Mr. Pitts to life imprisonment.

III. THE ERRONEOUS JURY INSTRUCTIONS
We conclude the trial court erred first in deciding that self-defense did not *31 apply to the primary charge of burglary with a battery and then by instructing the jury on the forcible felony exception to self-defense, thus negating the defense as to the crime charged. Because the combination of these errors acted together to nullify Mr. Pitts' defense, we reverse the judgment and sentence.
The defense of justifiable use of nondeadly force, or self-defense, applied to the charge of burglary with a battery under the circumstances presented. See Gregory v. State, 937 So.2d 180 (Fla. 4th DCA 2006). In Gregory, the Fourth District held that the failure to provide this instruction upon request to the charge of burglary of a dwelling with a battery was error where there was evidence that the defendant was first struck by the alleged victim, his girlfriend, as he reached into her front door to retrieve some wine they had just shared and that he responded only with the use of nondeadly force. Id. at 182. We agree with the reasoning of Gregory and adopt it in this case. Because a battery is a necessary element of the first-degree felony of burglary with a battery, self-defense is a defense to the charged crime and the jury should have been instructed on that defense because there was evidence to support it. This error was preserved and harmful in this case, where there was testimony that both Mr. Pitts' "entry" of his arm into the truck and the battery from grabbing the trucker's shirt occurred as a matter of self-defense.[3]
This error was thereafter compounded by the use of a "circular" jury instruction on self-defense as to the lesser-included crime of battery, which instructed the jury that "[t]he use of nondeadly force is not justifiable if you find the defendant was attempting to commit, committing, or escaping after the commission of a burglary." This portion of the self-defense instruction is commonly known as the independent forcible felony exception to self-defense. See Fla. Std. Jury Instr. (Crim) 3.6(f), (g) (Justifiable Use of Deadly and Non-Deadly Force). In Martinez, 981 So.2d 449 the Florida Supreme Court held that the instruction on the forcible felony exception to self-defense is appropriate only if the defendant is charged with an independent forcible felonythat is, a felony offense other than the one the defendant claims he or she committed in self-defense. In Martinez, the defendant was charged with attempted murder and aggravated battery but claimed he acted in self-defense. The trial court instructed the jury on the justifiable use of force, but then added that the use of such force was not justifiable if "Martinez was attempting to commit, committing, or escaping after the commission of an Attempted Murder and/or Aggravated Battery." Id. at 450. The supreme court explained that the use of this erroneous "circular" instruction was error and effectively negated the defense of self-defense. However, the error in Martinez was not preserved, and the supreme court held the error was not a fundamental error given the weakness of Martinez's self-defense claim and the other defenses he raised at trial. Id. at 460.
Here, the trial court's initial error in refusing to instruct the jury on self-defense as related to burglary with a battery was preserved by Mr. Pitts' specific request for the instruction. The use of the *32 circular jury instruction compounded that preserved error. Although Mr. Pitts did not also specifically object to the circular instruction as it related to the lesser-included crime of battery, the combination of the two errors resulted in the nullification of Mr. Pitts' only defense, that of self-defense. That defense was not a weak defense in light of the testimony presented at trial and particularly the victim's admission that he became irritated with Mr. Pitts and ultimately headed out of his truck to "get on the ground" with Mr. Pitts.
We therefore reverse the judgment and sentence and remand for a new trial. If the State again proceeds on the charge of burglary with a battery, Mr. Pitts will be entitled to the instruction on the justifiable use of nondeadly force as it relates to this charge, without the circular and erroneous instruction on the independent forcible felony exception.
Reversed and remanded for further proceedings.
SALCINES and STRINGER, JJ., Concur.
NOTES
[1] Given that the State's case rested on the moment when Mr. Pitts reached into the truck and grabbed and ripped the victim's shirt, it is at least arguable that the evidence regarding the serious injuries the victim sustained in the ensuing fight was irrelevant to the offense actually charged.
[2] Although the information charged burglary with an assault or battery, assault was not the thrust of the State's case. The trucker never claimed that he had any well-founded fear of Mr. Pitts when his hands entered the truck. Thus, the State did not present sufficient evidence of an assault.
[3] This case is to be distinguished, however, from those cases in which the burglary and the battery are not part of the same action. That is, if a defendant enters a conveyance or dwelling to commit an offense other than battery, but then commits a battery when confronted, a different result would apply. The defendant would not be entitled to assert self-defense on the battery because the battery occurred when the defendant was involved in the commission of a burglary independent of the battery.