DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WENDELL SHERMAN CALKINS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-2392

[July 22, 2015]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Okeechobee County; Sherwood Bauer, Jr., Judge; L.T. Case No. 472014CF000093A.

Carey Haughwout, Public Defender, and Gary Lee Caldwell and Timothy Wang, Assistant Public Defenders, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The defendant appeals his conviction of felony battery. He argues the court erred in: (1) failing to instruct the jury on self-defense, (2) sustaining a relevancy objection on whether the victim had permission to drive the truck, and (3) finding no discovery violation by the State. We agree on the first issue and reverse for a new trial.

The State charged the defendant with aggravated battery. The charges arose from an altercation between the defendant and the victim, his nephew, which occurred when the defendant, the victim, and the truck owner were driving home. The victim testified that he was riding in the passenger seat of the truck. He yelled at the defendant because the defendant drove past a police officer while speeding, had consumed alcohol, and was driving without a license in an unregistered vehicle. According to the victim, the defendant pulled over to the side of the road, argued with him, and then "sucker punched him [o]n the side of [his] head."

The victim then punched the defendant in the face and forced him out of the truck. While outside, the defendant moved to the passenger side of the truck, grabbed a piece of wood from the back of the truck, and hit the victim on the side of his face. The victim attempted to move to the driver's side to elude the defendant and drive away, leaving the defendant on the side of the road. Law enforcement did not find the wood allegedly used in the altercation.

Recordings from the jail inmate phone system revealed that the defendant said the victim "just kept on and kept on . . . . You know, and you know, I popped him. And he . . . hit me in the . . . nose and busted my nose and my nose started bleeding. And I got out of the truck and grabbed him and pulled hi[m] . . . out of the truck."

The third passenger, the truck owner, who was in the back seat, testified for the defendant. He testified that the victim "you know, kind of had a slip of the hand and it hit him here." Then, the defendant got out of the truck and hit the victim with a stick before the victim drove the truck away.

After closing argument, defense counsel requested a self-defense instruction, which the court denied. The jury found the defendant guilty of the lesser-included offense of battery. The court then read the parties' stipulation that the defendant had a prior battery conviction.

After further deliberation, the jury found the defendant guilty of felony battery. The court sentenced him to forty-two months' imprisonment. From his conviction and sentence, the defendant appeals.

The defendant argues the court erred in denying his request for a self-defense instruction as both untimely and unsupported by the evidence. The State responds that there was no evidence to support the self-defense instruction. The defendant replies that the State has conceded the timeliness issue and the evidence did support the instruction.

We review a trial court's decision to give or withhold a proposed jury instruction for an abuse of discretion. *McKenzie v. State*, 830 So. 2d 234, 236 (Fla. 4th DCA 2002).

Defense counsel argued self-defense in his closing. During the State's closing, the prosecutor argued self-defense did not matter because the jury was "not going to get a self-defense instruction at all." After the State's closing, defense counsel notified the court that he was unaware there was

2

no self-defense instruction. The court asked defense counsel why he previously agreed to the instructions, to which he responded that he thought a self-defense instruction was included.

Defense counsel then requested a self-defense instruction. The court denied the request, finding it came too late, and there was no competent evidence to support the instruction. The trial court erred on both accounts.

The timeliness issue is easily resolved as the State correctly agrees that defense counsel's request for a self-defense instruction was timely because the jury had not yet retired. *Ramsaran v. State*, 664 So. 2d 1106, 1107 (Fla. 4th DCA 1995). In fact, the request came before the court began instructing the jury. The court erred in denying the request on this basis.

We also find error in the court's decision that the evidence did not support a self-defense instruction. "A criminal defendant is entitled to have the jury instructed on the law applicable to his or her theory of defense where there is *any* evidence to support it, *no matter how weak or flimsy*." *Gregory v. State*, 937 So. 2d 180, 182 (Fla. 4th DCA 2006) (first emphasis in original; second emphasis added) (citing numerous cases).

"The trial court should not weigh the evidence for the purpose of determining whether the instruction is appropriate." *Charles v. State*, 945 So. 2d 579, 582 (Fla. 4th DCA 2006) (quoting *Gregory*, 937 So. 2d at 182).

> It is not the *quantum* or the *quality* of the proof as to self-defense that determines the requirement for giving the charge. If any evidence of a substantial character is adduced . . . the element of self-defense becomes an issue, and the jury, as the trier of the facts, should be duly charged as to the law thereon, because it is the jury's function to determine that issue.

*Garramone v. State*, 636 So. 2d 869, 870 (Fla. 4th DCA 1994) (alteration in original) (emphasis in original) (quoting *Kiernan v. State*, 613 So. 2d 1362, 1364 (Fla. 4th DCA 1993)).

Here, the truck owner testified that the victim and defendant began to argue, and "you know, [the victim] kind of had a slip of the hand and it hit him here." So, there was testimony indicating the victim struck first. This was sufficient to warrant the self-defense instruction. We find no merit in the other issues raised.

*Reversed and remanded for a new trial.*

TAYLOR and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***