DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RENE ST. PIERRE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-1669

[September 27, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dennis D. Bailey, Judge; L.T. Case No. 12-12960CF10A.

Jason T. Forman of the Law Offices of Jason T. Forman, P.A., Fort Lauderdale, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellee.

TAYLOR, J.

Rene St. Pierre appeals his convictions and sentences for burglary and misdemeanor battery. He argues that the trial judge erred in failing to give the jury a self-defense instruction for the burglary offense. He also argues that his attorney was ineffective on the face of the record for failing to object to the justifiable use of force instruction given for battery and for failing to object to police opinion evidence. We affirm, without comment, appellant's ineffective assistance of counsel claims, but we reverse and remand for a new trial on the jury instruction issue.

Appellant and the named victim of the burglary and battery charges were neighbors in a four-unit duplex. One night in September 2012, they got into a scuffle after their dogs fought in their shared backyard area.

At trial, there were different accounts of what happened. The neighbor testified that he was trying to get his dog back inside his apartment when appellant came up behind him and knocked him to the floor. He said appellant then stepped inside his apartment and hit him several more times. He was not able to defend himself because appellant had left by the

time he was able to stand up.

Appellant's girlfriend testified that she was cooking in the kitchen and appellant was grilling in the backyard when the dog fight began. She ran outside to see the neighbor kicking appellant's dog. Appellant approached the neighbor, who was standing on the stoop of his apartment. The neighbor kicked appellant in the chest, causing the food appellant was carrying to fly out of appellant's hand. The girlfriend turned to put the dog inside, looked back up, and saw appellant and the neighbor fighting inside the neighbor's apartment.

Appellant did not testify, but the jury watched his taped interview with the police. During the interview, appellant told police that after the neighbor hit him, he hit the neighbor to defend himself. Before the encounter, appellant had seen the neighbor kick his dog and push his girlfriend. He was at the neighbor's doorway when the neighbor kicked him, which prompted him to defend himself. Appellant said that at some point, while defending himself, he may have ended up inside the neighbor's apartment. Appellant had the following two exchanges with the police detective on this issue:

> **Detective:** Yeah, like what I'm saying is, like, what were you doing inside the guy's house?
> **Appellant:** What was I doing? I didn't go inside the guy's house.
> **Detective:** So how did you end up inside the house then?
> **Appellant:** I don't know. This all happened right -- this all happened right out -- I was cooking a steak. I wasn't involved with this whole thing. I don't even f****** know. I am so confused right now. All I did was tell the truth and now I'm sitting here.
>
> . . . .
>
> **Detective:** What I'm saying is how did you end up inside the guy's house?
> **Appellant:** I don't know. I can't tell you. It all happened right there.
> **Detective:** Right there where?
> **Appellant:** Right in the doorway of his house. It's not like I ran into his house or anything. I don't know what -- I don't know what, do you know what I mean, entering his house? It's not like I chased him into his house. It all happened. That's why I don't understand what you guys are talking

2

about because it all happened right there in the doorway.
**Detective:** Right in the doorway?
**Appellant:** Yes.
**Detective:** What I'm saying is it may have started out there in the doorway --
**Appellant:** Well, it started outside.
**Detective:** Right.
**Appellant:** And then it led back in there.  And then when I came over, that's when I got kicked.  I mean, I don't know.  I wasn't expecting to get kicked, you know, and I was just bold kicked and then I remember like a little girl like this (demonstrating).  And then I defended myself.  That's all -- that's all that I can -- that's all that I know.

After the incident, appellant was charged by information with burglary of a dwelling (Count I) and misdemeanor battery (Count II).  During the charge conference, his attorney requested that the trial court instruct the jury on self-defense as to both the burglary and battery counts.  Appellant's attorney argued that the burglary offense was tied to the battery offense, such that if the jury found appellant not guilty of battery, then his entrance into the neighbor's house would not be unlawful because he was defending himself and happened to cross the neighbor's threshold during the course of his defense.  Appellant's attorney proposed the following special instruction:

In the event that you find the Defendant did not commit the offense of battery because he was entitled to the justifiable use of non-deadly force, then any entry or remaining upon the property of [the neighbor] by the Defendant in the course of defending himself would not be considered unlawful.

The trial court declined to give the requested instruction, noting that it was not a correct statement of the law to instruct the jury that if it acquitted appellant on the battery charge, then it was required also to acquit on the burglary charge.  Further, the court found that self-defense was not an available defense for the burglary offense because appellant did not have a right to pursue the mutual combat into the neighbor's apartment.

Defense counsel disagreed with the trial court's ruling that self-defense was not a defense to burglary, but offered to modify the language of the requested special instruction.  The trial court essentially replied that it had "already ruled."

3

Ultimately, the trial court gave the standard self-defense instruction as to the battery offense, stating that "[i]f the Defendant was not engaged in an unlawful activity . . . he had no duty to retreat and had the right to stand his ground and meet force with force, *including deadly force*, if he reasonably believed that it was necessary to do so to prevent death or great bodily harm . . . ." However, the court refused to give a self-defense instruction on the burglary offense. The jury rejected appellant's self-defense claim on the battery charge and found appellant guilty on both counts as charged in the information. The court adjudicated appellant and sentenced him to 21.15 months in prison on the burglary charge and to time served on the battery charge.

On appeal, appellant argues that the trial court erred in refusing to instruct the jury on self-defense for the burglary charge, as well as the battery charge. Appellant contends that the charges were based on the same acts and, thus, were dependent on each other. We agree.

A trial court's decision to give a requested jury instruction is generally reviewed for an abuse of discretion. *Charles v. State*, 945 So. 2d 579, 582 (Fla. 4th DCA 2006). The trial court's discretion in criminal cases "is rather narrow because a criminal defendant is entitled to have the jury instructed on his or her theory of defense, if there is any evidence to support this theory," *Davis v. State*, 922 So. 2d 438, 444 (Fla. 5th DCA 2006), "no matter how weak or flimsy." *See Gregory v. State,* 937 So. 2d 180, 182 (Fla. 4th DCA 2006). "The trial court should not weigh the evidence for the purpose of determining whether the instruction is appropriate." *Id.* (quoting *Garramone v. State*, 636 So. 2d 869, 870 (Fla. 4th DCA 1994)); *see also Calkins v. State*, 170 So. 3d 888, 890 (Fla. 4th DCA 2015) (finding error in the court's decision that the evidence did not support a self-defense instruction). For a defendant to be entitled to a special jury instruction, one element the defendant must prove is that "the special instruction was a correct statement of the law and not misleading or confusing." *Stephens v. State*, 787 So. 2d 747, 756 (Fla. 2001).

Here, we find that the trial court committed reversible error by ruling that self-defense was not an available defense for the burglary charge under the circumstances of this case. We need not decide whether the trial court properly refused to give the requested special instruction as written. Defense counsel requested a self-defense instruction on the burglary charge, defense counsel was not tied to the wording of the proposed special instruction, and the trial court made it clear that the court would deny any self-defense instruction as to the burglary charge because the court believed self-defense could not apply to a burglary offense. At a minimum, the trial court should have given the standard

self-defense instruction for both the battery and the burglary charges, rather than just for the battery charge, where appellant's theory of defense was that his possible entry into his neighbor's apartment was not to start a fight but was necessitated by his need to defend himself from an attack that had begun outside and continued unabated inside. *See Pitts v. State*, 989 So. 2d 27, 30 (Fla. 2d DCA 2008) (failure to provide a self-defense instruction was error where defendant was charged with burglary with assault or battery and argued that his entry into the truck and battery were necessitated by self-defense because, while defending himself, he lost his balance and reached into the truck to grab the driver's shirt); *see also Gregory*, 937 So. 2d at 182 (failure to provide self-defense instruction was error where defendant was charged with burglary with battery and there was testimony that the victim first pushed the defendant, who pushed back and ended up inside the victim's apartment after a shoving match). Whether appellant's version of the events was credible or not was a question for the jury to decide.

In *Garramone,* we explained:

> It is not the *quantum* or the *quality* of the proof as to self-defense that determines the requirement for giving the charge. If *any* evidence of a substantial character is adduced . . . the element of self-defense becomes an issue, and the jury, as the trier of the facts, should be duly charged as to the law thereon, because it is the jury's function to determine that issue.

636 So. 2d at 870 (citing *Kiernan v. State*, 613 So. 2d 1362, 1364 (Fla. 4th DCA 1993) (quoting *Kilgore v. State*, 271 So. 2d 148, 152 (Fla. 2d DCA 1972)).

Although the state did not charge appellant with burglary with a battery, the facts of this case—or, at the least, appellant's theory of the case—suggest that the two charged offenses are so inextricably intertwined that they result in the functional equivalent of a single charge, such that *Pitts* and *Gregory* would be directly on point. The trial court does not weigh the evidence in determining whether the instruction is appropriate. *See Gregory*, 937 So. 2d at 182; *Calkins*, 170 So. 3d at 890.

Much like the defendants in *Pitts* and *Gregory,* appellant presented evidence indicating that the burglary and the battery were part of the same action. *See Pitts*, 989 So. 2d at 31 n.3 (distinguishing Pitts' case from cases in which the burglary and battery are not a part of the same transaction). In short, appellant argued that he committed the battery in self-defense and was then required, in self-defense, to continue the battery

inside the neighbor's apartment.  *See Gregory*, 937 So. 2d at 182–83 (finding that evidence that the defendant was first struck and that he responded only with the use of non-deadly force entitled the defendant to have the jury instructed on his theory of self-defense, and the failure to give the requested instruction on the justifiable use of non-deadly force was reversible error).

Appellant next argues the state cannot demonstrate that the error in failing to give the self-defense instruction on the burglary charge was harmless, because the standard jury instruction given on the battery charge erroneously included a duty to retreat and a fatal grammatical error that may have caused the jury to reject the self-defense claim as to the battery charge.  The state responds that any error in failing to instruct the jury that justifiable use of force applies to the burglary charge is harmless, because the jury received the standard instruction for justifiable use of force as to the battery charge.  *See Vila v. State*, 74 So. 3d 1110, 1113 (Fla. 5th DCA 2011) (guilty verdict for burglary rendered failure to give self-defense instruction for battery harmless).  In addition, the state argues that the self-defense instruction given for battery was not so fundamentally erroneous as to preclude harmless error on the burglary charge.

During the charge conference, the trial court initially said it would remove the "no duty to retreat" language from the justifiable use of force instruction for the battery offense.  Appellant's counsel asked the court to include this language because appellant could argue that he was in his own dwelling or residence when he first was kicked.  Ultimately, appellant's counsel agreed to an instruction based on the 2012 version of section 776.013, Florida Statutes, which, in pertinent part, included:

> The defendant was not engaged in an unlawful activity.  He was attacked in a place where he had a right to be.  He had no duty to retreat and had the right to stand his ground and meet force with force if he believed that it was necessary to do so to prevent death or great bodily harm to himself or to prevent the commission of a forcible felony.

Appellant's counsel asked the trial court to read the stand your ground version of no duty to retreat, changing the phrase "including deadly force" to non-deadly force, but then agreed that the instruction was fine as it was because it would include non-deadly force.  The court read to the jury the following instruction based on section 776.013 regarding the self-defense claim on the battery charge:

6

> If the Defendant was not engaged in an unlawful activity, and was attacked any place where he had a right to be, he had no duty to retreat and had the right to stand his ground and meet force with force, *including deadly force*, if he reasonably believed that it was necessary to do so to prevent death or great bodily harm to himself or to prevent the commission of a forcible felony. A person does not have a duty to retreat if a person is in place where he has a right to be.

Florida courts have previously noted that the inclusion of the extraneous comma after the phrase "including deadly force" is erroneous because it suggests that a defendant does not have a right to defend himself by meeting force with force unless the victim had threatened him with deadly force. *See Neal v. State*, 169 So. 3d 158, 164 (Fla. 4th DCA 2015); *see also Talley v. State*, 106 So. 3d 1015, 1017–18 (Fla. 2d DCA 2013). Furthermore, there is no duty to retreat when using non-deadly force. *See Hansen v. State*, 898 So. 2d 201, 204 (Fla. 2d DCA 2005) (citing *Morris v. State*, 715 So. 2d 1177, 1179 (Fla. 4th DCA 1998)). Appellant correctly points out that the 2012 version of section 776.012 did not require him to prove that he was not engaged in unlawful activity, but this was not the section under which appellant's counsel requested the justifiable use of force defense. *See Dorsey v. State*, 149 So. 3d 144, 146 (Fla. 4th DCA 2014).[1]

Although the erroneous battery instructions do not amount to fundamental error in this case, the state has not met its burden to show that the failure to properly instruct the jury on self-defense for the burglary charge was harmless error. "[I]t is appropriate to consider both the preserved and unpreserved errors in determining whether the preserved error was harmless beyond a reasonable doubt." *Martinez v. State*, 761 So. 2d 1074, 1082–83 (Fla. 2000). Here, the jury may have rejected the self-defense claim for the battery offense because of the extra comma error and additional burden imposed on appellant. This, of course, could have affected the verdict. *See State v. DiGuilio*, 491 So. 2d 1129, 1138 (Fla. 1986) (noting that under the harmless error test, the burden is on the state to prove beyond a reasonable doubt that the complained of error did not contribute to the verdict, i.e., "that there is no reasonable possibility that the error contributed to the conviction").

---

[1] Appellant claims trial counsel was ineffective on the face of the record for failing to object to the justifiable use of force instruction given. We decline to address this claim on direct appeal as trial counsel may have had strategic reasons, which would be more properly addressed during post-conviction proceedings.

Accordingly, we reverse and remand with directions for the trial court, on retrial, to instruct the jury as to self-defense on the battery and burglary charges, consistent with appellant's theory of defense.

*Reversed and Remanded.*

MAY and CONNER, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**