FIFTH DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

Case No. 5D2023-0538
LT Case No. 2020-CF-009879-A

_____

ERIC LAURICE SMITH,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
London M. Kite, Judge.

Matthew J. Metz, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.

James Uthmeier, Attorney General, and Adam B. Wilson, Assistant Attorney General, Tallahassee, for Appellee.


August 8, 2025


BOATWRIGHT, J.


    Eric Laurice Smith ("Smith") appeals his conviction of burglary with a battery and argues the trial court erred by improperly instructing the jury. Specifically, Smith argues the trial court erred in (1) not giving his requested self-defense instruction to the charge of burglary with a battery; (2) providing

the jury with the forcible felony exception instruction over his objection; and (3) not giving his requested defense of property instruction. Because burglary with a battery contains two independent charges and Smith did not assert he unlawfully entered the premises in self-defense, we affirm the trial court's inclusion of the forcible felony exception instruction and in not giving the self-defense instruction to the entire charge.[1]

## I.

On December 10, 2020, Smith was charged with one count of armed burglary with assault or battery based on a violent disagreement between Smith, the victim, and Smith's sister, which occurred inside the victim's apartment. At trial, two versions of the facts were presented to the jury.

According to the victim, Smith showed up outside his apartment, accusing him of stealing items from their shared storage unit. The victim slightly opened his door using a "hotel latch." After the two argued for a few minutes, Smith broke the latch and forced his way inside. The victim asked Smith to leave, but Smith tackled the victim and began to punch him several times. During the altercation, a firearm fell out of Smith's waistband. At that point, Smith's sister entered the apartment, picked up the firearm, and pointed it at the victim. Smith and his sister then stole multiple items from the apartment and left.

Smith testified to a different version of events. He stated his sister informed him that several items—including Smith's shoes—were missing from a storage unit that he shared with the victim. He went to the victim's apartment to speak with him about the missing items. After he knocked on the door, the victim invited him inside the apartment. Once inside, Smith saw several of the missing items, including his shoes. When Smith leaned over to grab his shoes, the victim hit him in the face and the two began to fight. Smith left the apartment with the shoes. He denied that a firearm was part of the incident and claimed any violent actions he took during the fight were based on self-defense.

---

[1] We affirm the trial court's decision not to give the defense of property instruction without further discussion.

2

After the close of the evidence, the State requested the forcible felony exception instruction. The requested instruction provided that Smith would not have been justified in the use of self-defense if he was attempting to commit, committing, or escaping after the commission of, a forcible felony which was the burglary in this case. Defense counsel argued that Smith was entitled to a self-defense instruction as to the charge of burglary with a battery, and reasoned that since battery is a necessary element of the first-degree felony of burglary with a battery, then self-defense is a defense to the entire charge. As such, Smith's counsel argued that the forcible felony exception instruction should not be given because there would be no independent forcible felony other than the charge claimed for self-defense. The State asserted the burglary and battery charges were independent based on the facts of the case and thus a self-defense instruction would not apply to the entire charge. As a result, the State argued that if the jury were to find that Smith committed the burglary, then under the forcible felony exception, he would not be entitled to the self-defense instruction for the battery allegation because it was committed during the course of the forcible felony i.e. the burglary.

The trial court noted that the information charged the burglary portion of the crime in the alternative. That is, the information alleged either (1) Smith intended to commit a crime at the time of the unlawful entry or (2) the intent to commit the crime took place while Smith remained in the victim's apartment. The trial court also noted that two main theories were presented by the parties. First, the State argued that Smith committed the burglary by breaking through the front door of the apartment without permission with the intent to commit a theft of the victim's property. Smith's position was that he was let into the apartment by the victim such that a burglary never occurred, and it was not until he entered the apartment and tried to grab his shoes that the alleged battery took place in which he claimed self-defense.

Accordingly, the trial court gave an "unlawful entry" instruction and a separate "remaining in" instruction on the burglary charge. The forcible felony exception instruction was

3

given *only* as to the unlawful entry allegation.[2] The court reasoned that if the burglary occurred at the time of entering the apartment then it was independent of the alleged battery allegation which occurred later by Smith's own testimony. Thus, the trial court posited that Smith was not claiming self-defense to the burglary charge but only to the later occurring battery allegation. The court then gave a self-defense instruction as to the assault, battery, and "remaining in" alternative portion of the burglary with a battery charge.

The case was submitted to the jury, who found Smith guilty as charged to burglary with a special finding that he committed the battery in commission of the burglary.[3] Smith timely appealed.

## II.

"Generally, a trial court's decision to give or withhold a proposed jury instruction is reviewed for an abuse of discretion." *Vila v. State*, 74 So. 3d 1110, 1112 (Fla. 5th DCA 2011). "[D]ecisions regarding jury instructions are within the sound discretion of the trial court and should not be disturbed on appeal absent prejudicial error." *Coday v. State*, 946 So. 2d 988, 994 (Fla. 2006) (quoting *Goldschmidt v. Holman,* 571 So. 2d 422, 425 (Fla. 1990)).

The trial court has a duty to "ensure [jury] instructions accurately and adequately convey the law applicable to the circumstances of the case." *Cliff Berry, Inc. v. State*, 116 So. 3d 394, 407 (Fla. 3d DCA 2012). In a criminal proceeding, a defendant has a right to have the jury instructed on any valid defense supported by the evidence and testimony presented at trial. *Id.*; *see also Vila*, 74 So. 3d at 1112 ("[A] criminal defendant is entitled to have the jury instructed on his or her theory of defense if there is any

---

[2] Appellant argues on appeal that the burglary could have occurred based on the offense of the battery once the Appellant remained in the apartment. Although true, the trial court did not allow the forcible felony exception instruction to be given on the remaining in burglary instruction.

[3] The jury also found that Smith was not armed nor armed himself with a deadly weapon or firearm during the offense.

evidence to support the theory and the theory is recognized as valid under Florida law.").

Florida law has long recognized the right of its citizens to use force to defend themselves. *See Hopson v. State*, 168 So. 810, 811 (Fla. 1936). Thus, when supported by the evidence, an individual has a right to raise a self-defense claim. *Id.* In so doing, the defendant "admits the commission of the criminal act with which he was charged but contends that the act was justifiable." *Martinez v. State*, 981 So. 2d 449, 453 (Fla. 2008). In some circumstances, however, the Florida Legislature has prohibited the use of self-defense. Section 776.041(1), Florida Statutes (2022), provides that justifiable use of force is unavailable to a person while they are "attempting to commit, committing, or escaping after the commission of, a forcible felony[.]" The jury instruction based on this statutory provision is commonly known as the "forcible felony exception." *Garrell v. State*, 972 So. 2d 240, 242 (Fla. 2d DCA 2007).

The applicability of this instruction is complicated when a defendant raises a claim of self-defense to a forcible felony. *Cf. Peterson v. State,* 358 So. 3d 820 (Fla. 5th DCA 2023) (finding facially sufficient ineffective assistance claim where defense counsel failed to object to forcible felony exception instruction where defendant claimed self-defense to all charged forcible felonies). Florida courts have noted that application of the forcible felony exception instruction in this situation would negate the defendant's theory of self-defense. *See, e.g.*, *Redding v. State,* 41 So. 3d 353, 355 (Fla. 2d DCA 2010).

In considering this issue, the Florida Supreme Court held that the instruction may only apply when the forcible felony is independent of the crime for which the defendant claims self-defense. *See Martinez*, 981 So. 2d at 454. Stated differently, the forcible felony exception to self-defense applies only when the "accused is charged with at least two criminal acts, the act for which the accused is claiming self-defense and a separate forcible felony." *See Santiago v. State,* 88 So. 3d 1020, 1022 (Fla. 2d DCA 2012) (quoting *Giles v. State,* 831 So. 2d 1263, 1265–66 (Fla. 4th DCA 2002)). "Thus, the proper test for determining the applicability of the instruction is not whether

the self-defense act itself could qualify as a forcible felony, but whether, at the time of the self-defense, the accused was engaged in a separate forcible felonious act." *Id.* (quoting *Giles,* 831 So. 2d at 1266). Otherwise, the instruction would be "'circular and confusing to the jury' because it improperly instructs the jury that the very act that the defendant seeks to justify as an act of self-defense prevents that same act from being an act of self-defense." *Smith,* 933 So. 2d at 1276–77 (quoting *Giles,* 831 So. 2d at 1266). Therefore, "it is error for a trial court to read the forcible-felony instruction to the jury where the defendant is not charged with an independent forcible felony." *Martinez*, 981 So. 2d at 457.

Smith was charged with burglary with a battery but only claimed self-defense regarding the battery that occurred *within* the victim's apartment. Smith did not attempt to justify his unlawful entry into the apartment but rather testified that he was invited into the victim's apartment. Thus, if Smith were charged with burglary and battery as separate counts, he would not have been allowed a self-defense instruction as to the burglary charge. *See Martinez*, 981 So. 2d at 453. Yet Smith asserts entitlement to a self-defense instruction as to the entire burglary with a battery charge and not just the "remaining in" portion. Smith reasons that battery is a necessary element of the first-degree felony of burglary with a battery, and thus self-defense is a defense to the *entire charge* regardless of whether he claims self-defense to the burglary portion. His rationale is that even though burglary is a forcible felony, there is no *independent* forcible felony as the burglary and battery were encompassed in one charge. As a result, there would be no independent forcible felony other than the charge claimed for self-defense. While Smith's position is understandable, we disagree because of the unique nature of the charge at issue.

Burglary, typically a second-degree felony, can become a first-degree felony if the offender commits a battery upon any person "in the course of committing" the offense. § 810.02(2)(a), Fla. Stat. (2022). Yet when an individual is charged with burglary with a battery, courts view the burglary and battery as separate and independent offenses charged within one information. *See Bradley v. State,* 540 So. 2d 185, 187 (Fla. 5th DCA 1989) (finding burglary with a battery charge includes burglary as the primary offense and battery as an *independent* secondary offense); *see also Bledsoe v.*

6

*State*, 764 So. 2d 927, 929 (Fla. 2d DCA 2000) ("'Burglary with a battery' is a legislative combination of two separate common law crimes."). In viewing these as separate offenses, courts have treated the battery portion of the charge as an enhancement. *See Crawford v. State*, 662 So. 2d 1016, 1017 (Fla. 5th DCA 1995) (ruling that the battery element of a first-degree burglary crime can be viewed as an enhancement factor of that crime). As an enhancement, the jury should be instructed on the separate elements of both burglary and battery and be required to make findings on both, and not as a combined offense.[4] *See Cannon v. State,* 315 So. 3d 732, 738–39 (Fla. 4th DCA 2021). Thus, the jury is first required to make a finding of guilt as to the burglary charge, and then, if found guilty, a separate finding must be made as to the battery charge. *See Gian-Grasso v. State,* 899 So. 2d 392, 393 (Fla. 4th DCA 2005); *see also Conrad v. State*, 977 So. 2d 766, 769 (Fla. 5th DCA 2008) (noting verdict form for a burglary with a battery charge should allow the jury to consider both the burglary and battery charge separately).

A few Florida cases illustrate these principles. Both Smith and the State cite *Pitts v. State,* 989 So. 2d 27 (Fla. 2d DCA 2008). In *Pitts,* the defendant got into an altercation with an individual sitting in a truck at a work site. *Id.* at 28. The defendant, while standing at the window of the truck, was alleged to have reached into the window and struck the victim. *Id.* The defendant was charged with burglary of a conveyance with a battery. *Id.* at 29. The State alleged that the burglary and battery happened at the same time, when the defendant was striking the victim through the cab of the truck. *Id.* The defendant claimed self-defense, stating he only reached into the truck window to defend himself because he thought the victim planned to hit him. *Id.* Thus, the defendant claimed self-defense as to both the burglary and the battery. *Id.* At the charge conference, the defense requested a self-defense instruction as to the charge of burglary with a battery. *Id.*

---

[4] Notably, "simple battery is a lesser included offense of burglary with a battery." *State v. Reardon*, 763 So. 2d 418, 420 (Fla. 5th DCA 2000). Thus, Florida courts have held that convictions of "burglary with a battery and a simple battery as to a single factual event violate[s] the constitutional double jeopardy clause." *Bradley v. State*, 540 So. 2d 185, 187 (Fla. 5th DCA 1989).

at 30. The court denied the instruction and included the forcible felony exception instruction, over the defense's objection. *Id.* The defendant was found guilty of burglary with a battery. *Id.*

On appeal, the Second District set aside the conviction, providing it was error to not give the self-defense instruction as to the burglary with a battery charge and the forcible felony instruction should not have been given. *Id.* at 31. Its rationale was that the defendant's position was of a simultaneous burglary and battery and thus both occurred as a matter of self-defense. *Id.* As a result, the court ruled that since the burglary and battery were alleged to have occurred at the same time, and entering the vehicle was necessitated by self-defense, there was no independent forcible felony. *Id.* at 30-31. Thus, the court provided that it was error to give the forcible felony exception instruction because there was no independent forcible felony. *Id.*

At the same time, the court distinguished its ruling from other factual circumstances and noted:

> This case is to be distinguished, however, from those cases in which the burglary and the battery are *not* part of the same action. That is, if a defendant enters a conveyance or dwelling to commit an offense other than battery, *but then commits a battery when confronted*, a different result would apply. The defendant would not be entitled to assert self-defense on the battery because the battery occurred when the defendant was involved in the commission of a burglary independent of the battery.

*Id.* at 31 n.3 (emphasis added). Thus, the court did not state in every situation that a self-defense instruction should be given for the charge of burglary with a battery, and did not foreclose using the forcible felony exception instruction as to this charge.

Similarly, the Fourth District found reversible error where a trial court failed to give a self-defense instruction to the charges of burglary and battery when they are based on the same acts. *St. Pierre v. State*, 228 So. 3d 583, 586 (Fla. 4th DCA 2017). In *St. Pierre*, a fight broke out between the defendant and the victim outside the victim's apartment door, during which the two entered

the doorway of the victim's apartment. *Id.* at 584. As a result, the State charged the defendant with burglary and battery. *Id.* at 585. The defendant requested a self-defense instruction as to both the burglary and battery charges, asserting he only entered the victim's apartment because he was defending himself during the battery. *Id.* But the trial court only gave the instruction for the battery charge. *Id.*

On appeal, the Fourth District held that the trial court should have given the standard self-defense instruction for both charges. *Id.* at 586. The court reasoned that the defendant's position was that the unlawful entry only occurred due to his need to defend himself from an attack that began outside and continued unabated inside and so both charges were based on the same action.[5] *Id.*; *see Gregory v. State,* 937 So. 2d 180, 182 (Fla. 4th DCA 2006) (holding failure to provide self-defense instruction to charge of burglary with a battery was error where testimony provided the victim first pushed the defendant, who ended up inside the victim's apartment after a shoving match).

If Smith's reasoning is to be followed, it would foreclose the use of the forcible felony exception instruction as to the charge of burglary with a battery in every situation. These cases clarify the issue on appeal. They stand for the proposition that a self-defense instruction to the entire burglary with a battery charge is appropriate when justifiable use of force is claimed regarding *both* the burglary and battery. Self-defense is proper to the entire charge in those cases because the criminal acts are so intertwined that the reason for committing the burglary hinges on self-defense to the battery. In those situations, the forcible felony exception instruction would not apply because the burglary would not be an independent forcible felony because self-defense is claimed for both criminal acts. Even so, these cases note the circumstance where the burglary and battery are not based on the same action and are therefore, independent enough that self-defense would not apply to the burglary. *See Pitts*, 989 So. 2d at 31 n.3; *St. Pierre*, 228 So.

---

[5] The appellate court also noted the distinction that the *Pitts* court made when the burglary and battery are not part of the same "transaction." *Id.* at 587.

3d at 587. As a result, a self-defense instruction would not be allowed for the entire charge of burglary with a battery and the forcible felony exception instruction would be appropriate. As shown, these cases do not foreclose using the forcible felony exception instruction for the charge of burglary with a battery in the appropriate factual scenarios.[6]

In this regard, the trial court was correct in denying Smith's request for a self-defense instruction on the entire charge of burglary with a battery. Thus, it was not error to give a forcible felony exception instruction to the entry portion of the burglary with a battery charge. The reason for this is that the charge of burglary with a battery contains two independent charges or criminal acts. *See Bradley*, 540 So. 2d at 187. Thus, a self-defense instruction to the entire charge should be provided only when a claim of self-defense applies to *both* the burglary and the battery charges. *See Pitts*, 989 So. 2d at 31. Smith's position was that his entry to the apartment was consented to by the victim such that a burglary never occurred. It was not until he entered the apartment and tried to grab his shoes that he alleged the battery took place, for which he claimed self-defense. Because Smith did not allege he was defending himself when he entered the victim's apartment, he was not claiming self-defense to the burglary portion of the charge but only to the later battery. *See Martinez*, 981 So. 2d at 453. Thus,

---

[6] We note these cases are comparable with the charge of felony murder where the State is required to prove the defendant committed a homicide while engaged in the commission of the predicate felony, even if the defendant is not separately charged with the underlying felony. *See Cook v. State*, 192 So. 3d 681, 683 (Fla. 2d DCA 2016). Even though encompassed in the same charge, if the predicate felony is an independent forcible felony, the forcible felony exception instruction would apply even if the defendant were claiming self-defense to the homicide. *Id.*; *see also* Fla. Std. Jury Instr. (Crim.) 3.6(f) (providing forcible felony exception instruction should be given only "in cases where the defendant is charged with either: a) an independent forcible felony, *Martinez v. State*, 981 So. 2d 449 (Fla. 2008); or b) felony murder, if the underlying felony is an independent forcible felony, *Cook v. State*, 192 So. 3d 681 (Fla. 2d DCA 2016)").

the burglary was a forcible felony[7] independent of the battery to which Smith claimed self-defense, and the trial court was correct in giving the forcible felony exception instruction. *Id.* at 454.

Based on this, the jury was properly instructed. The verdict form correctly conveyed the burglary was independent of the battery. The jury was first required to make a finding on whether a burglary occurred. It was only if the jury made a finding of guilt as to the burglary charge that it was to consider whether the burglary charge should be enhanced by the commission of the battery. The jury instructions perfectly articulated this by providing that the jury should *only* consider the forcible felony exception if it found Smith guilty of burglary by unlawful entry. Otherwise, the instruction should be disregarded, and the self-defense instruction for battery was to be considered. Since Smith only asserted self-defense as to the fight inside the apartment, and not to when the burglary was alleged to have occurred, he was given the appropriate instructions that fit his claimed defense. As the Florida Supreme Court has held, a defendant is not entitled to an instruction that is not supported by the evidence. *See Mora v. State*, 814 So. 2d 322, 330 (Fla. 2002) ("[A] trial judge is not required to give an instruction where there is no nexus between the evidence in the record and the requested instruction."). Thus, the trial court's reasoning was sound, and the instructions given fit well within the established principles of law. *See Cliff Berry, Inc.*, 116 So. 3d at 407.

III.

The trial court was correct in not giving the self-defense instruction to the entire charge of burglary with a battery. In addition, the trial court properly instructed the jury on the forcible felony exception. Although combined in one charge in the information, the burglary charge was a forcible felony independent of the battery charge. Therefore, we affirm the trial court on all issues.

---

[7] There was no dispute at trial or on appeal that a burglary would not be classified as a forcible felony.

AFFIRMED.

KILBANE and PRATT, JJ., concur.

————————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

————————————————

12